CASE 93—PETITION EQUITY—FEBRUARY 7.

96   563<br>99   478

# Fidelity Trust and Safety Vault Co. v. Mayor and City Council of Morganfield.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. ELECTION TO TAKE SENSE OF VOTERS OF CITY AS TO INCURRING INDEBTEDNESS.—Under the charter of cities of the fifth class an election in a city of that class to take the sense of the voters as to incurring an indebtedness beyond the annual revenues of the city, was properly held by officers appointed by the city council. The provision of section 3658 of the Kentucky Statutes (part of the charter for cities of the fifth class), that all municipal elections shall be held under the general election laws, refers only to the election of officers of the city government, and not to elections on the question of creating indebtedness, which are fully provided for by section 3637 of the Kentucky Statutes, part of the same charter.

2. SAME.—DIRECTORY PROVISIONS OF STATUTE.—The provisions of the statutes in reference to the particular officers who shall hold an election are but directory, and an election to take the sense of the voters as to incurring an indebtedness, and the indebtedness created thereunder, are valid, although the officers holding the election were not appointed by the proper authority.

3. SAME.—POWER OF CITY TO ISSUE BONDS.—The city having power to incur the indebtedness had authority to issue bonds in payment thereof, the bonds being but an incident of the indebtedness.

THOMAS W. BULLITT FOR APPETLANT.

1. The election was held and conducted by officers appointed not by the

county court, but by the mayor of Morganfield, and was, therefore, void. (Kentucky Statutes, secs. 1437, 3658.)

2. The act governing cities of the fifth class does not authorize or contemplate the issuing of the bonds in question. (Kentucky Statutes, sec. 3637.)

3. The Constitution and Statutes provide that no indebtedness by a city shall be created unless authorized by at least two-thirds of the qualified voters. Is the assessor's return the standard by which the number of voters is to be ascertained?

CROMWELL ADAIR FOR APPELLEES.

1. The word "election," as used in section 3658 of the Kentucky Statutes, does not include the decision of questions submitted to the people, there being no provision to that effect applying to that statute, as there is applying to the general election law. (Kentucky Constitution, sec. 147; Kentucky Statutes, sec. 147; Marshall v. Donavan, 10 Bush, 694; Moore v. Commonwealth, 7 Ky. Law Rep., 292; Riggs, &c., v. Stephens, 12 Ky. Law Rep., 637.)

2. The provision in section 3658 that all elections should be held under and as provided in the general law was directory only, except as provided in the Constitution. (6 Am. & Eng. Enc. of Law, pp. 302, 325, 334; Cooley's Const. Limit. p. 93; 7 Lawson's Rights, Remedies, &c., sec. 3798, p. 5973.)

3. The officers holding the election were in any event de facto officers, and their acts are valid as to the public. (9 Am. Rep., 427)

4. Even if the appointment of the officers and the holding of the election by them were irregular, it did not vitiate the election. (Trustees Common School District, &c., v. Garvey, 80 Ky, 159.)

5. The power to issue the bonds is implied in the authority to incur the debt. (Lynde v. The County, 16 Wall.; Mitchell v. City of Burlington, 4 Wall., 270; 1 Dillon Mun. Corp., sec. 407, note 2, p. 436.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal from the judgment of Jefferson Circuit Court, of date 25th January, 1895, adjudging that a certain election held in the city of Morganfield, on the 30th day of April, 1894, whereby it was determined and authority given to incur an indebtedness on behalf of the city of Morganfield of twenty thousand dollars, for the purpose of constructing water-

works in and for said city, was a valid and legal election under the Constitution and laws of Kentucky also affirming the validity of the twenty thousand dollars in bonds of the city of Morganfield issued in payment of the indebtedness so created, and affirming the contract of sale and purchase of the bonds by said city authorities to appellant, The Fidelity Trust and Safety Vault Company of Louisville, Ky.

It appears by the pleadings and exhibits filed herein, that this election was held by the authority and direction of the mayor and city council of the city of Morganfield, and in pursuance of that clause in the Constitution of Kentucky which authorizes a vote to be taken, when, in the opinion of the mayor and council of cities of the fifth class, it is deemed right and proper so to do, to obtain authority to contract an indebtedness beyond the annual revenues of cities within the class of the city of Morganfield, which was and is the fifth class, and of the several provisions of the charters in the Statutes of Kentucky for cities of this class.

All the preliminary steps necessary to this election had been regularly taken, as provided by section 3637 of the Kentucky Statutes, and particularly pointed out by the third subsection thereof, such as notice of said election, specifying the amount of indebtedness proposed to be incurred, the purposes of same, and the amount of money necessary to be raised annually, by taxation, for an interest and sinking fund, as therein provided, said notice being duly published in a newspaper of general circulation in the city of Morganfield. And further, under the seventh subsection of section

3637, authorizing the city council to do and perform all things necessary to carry out the provisions of this chapter on and in reference to cities of the fifth class, the city council appointed officers to hold said election. Thereupon said election being duly held, and a canvass duly made of the vote of the city, it was ascertained and determined that more than two-thirds of all the legal qualified voters within the city had voted in favor of incurring said indebtedness, report of which was duly made and entered on the records of the city. Thereupon the city council made the appropriate orders providing for the creation of said indebtedness, in the construction of water-works, as contemplated, making other provisions for the annual levy and collection of taxes for the payment of the annual interest on said debt, and to create a sinking fund looking to the final extinguishment of same.

All the constitutional requirements were strictly observed in said election, as that it was held by secret official ballot; that more than two-thirds of all the legal voters in said city voted in favor of incurring the indebtedness, and that the amount of indebtedness voted did not exceed three per centum of the assessed value of the property in said city as duly found and shown by the appraisment designated by law for that purpose. So that, no objection is made by the appellee in his answer or brief to any of these things. One thing of which he complains is, that the election was not held by the proper officers, being those appointed by the city council for that purpose, but contending that this election should have been held by the officers appointed by the county court

of Union county at its regular August term next pre-ceding the holding thereof.

We do not so understand the law. While it is true that both the Constitution and the Kentucky Statutes declare this taking the sense of the qualified voters on any subject submitted to the people was an election within the meaning of that term, as used in section 147 of the Constitution, and in section 1437 of the statutes, under title of "Elections," yet the Constitution further notices a distinction between the elections provided for the selection of the several offi-cers of the cities of the several classes, and those elec-tions provided to ascertain the sense of the people on any given proposition. Section 148 provides that all elections of State, county, city, town or district officers shall be held on the first Tuesday after the first Mon-day in November under the provisions of the election laws. And section 157, under title Municipalities, wherein the limitation of indebtedness and taxation occurs, and being the subject now under consideration, provides that the sense of the people shall be taken at an election held for that purpose. And then the act of incorporation or charter for cities of the fifth class provides that, when it is deemed desirable by the city council they may give notice and hold an election for that purpose, which they have done in this case. And also that they may make all needful rules and do such things as may be necessary to carry out and perfect all the provisions of their charter, including necessarily the appointment of officers to conduct the election. While section 3658, being part of the same charter for cities of the fifth class, says that all municipal elec-

tions shall be held under the general election laws, it refers only to the election of the officers of the city government, and not to the election on this question of creating an indebtedness, that had already been fully and amply provided for by section 3637 of the same charter, and the subsections thereunder.

Should, however, the court be wrong in this construction, yet the validity of the election may be clearly maintained on other grounds.   As that the directions of the statutes in reference to the particular officers who shall hold an election are but directory ; that it pertains but to the manner and form of same, and does not go to the essence thereof ; that in this case all the essential elements provided by the Constitution were strictly observed ; that the sense of the legal voters of the city on the question submitted was taken fairly without fraud ; that it was taken by secret official ballot ; that on said election largely over two-thirds of the voters voted in favor of creating said indebtedness, and that the indebtedness voted was within the constitutional limitation of three per centum of the taxable property for cities of this class.   That in this election no legal voter had been deprived of the right to vote, nor had any illegal vote been received.   Neither was the result of said election rendered doubtful or uncertain by reason of the officers who acted.   That both the city council and the people believed this to be a lawful election, and both have acquiesced in the result of same ; that acting under this authority, the city council did contract for and have constructed a system of waterworks for said city, same being now completed and turned over or ready to be turned over to the city.

All these things concurring, the authorities are quite clear that, though the officers holding said election were not appointed by the proper authority, and were not, in fact, the identical officers who should have held said election, yet that an irregularity of this kind in this matter would not render illegal or invalid said election, nor the indebtedness created under same. In support of this view, we cite Cooley's Constitutional Limitations, page 93; Same, section 618; Sutherland on Construction of Statutes, section 452. Mr. Lawson holds the same doctrine. (Lawson's Rights, Remedies and Practice, vol. 7, sec. 3798.) And this court, relying on said authority, held the same doctrine in the case of Trustees of School District v. Garvey, 80 Ky., 159. So that on this question we entertain no doubt of the validity and legality of said election, or of the indebtedness created under same.

The issuance of the bonds of said city in payment of said indebtedness was but an incident of same, some form of evidence of such indebtedness being necessary, showing to the respective creditors the amounts severally due them, when due and when payable, by whom and the annual rate of interest of same until maturity. All this is most conveniently and properly done by the execution of the bonds of said city, with interest coupons attached, all being duly attested by the proper authority, to bind said city. We see no objection to the bonds as tendered appellee.

For the reasons indicated, it appears to us that the judgment of the Jefferson Circuit Court adjudging said election of April 30, 1894, a legal election; that under and by it the city of Morganfield was authorized to

incur an indebtedess of twenty thousand dollars, and that the bonds of said city tendered appellant are valid, legal and binding on said city under the Constitution and laws of Kentucky, and that appellant must accept and pay for same, was correct.

Wherefore, said judgment is affirmed.