CASE 80—ACTION TO ENJOIN COLLECTION OF TAX—DEC. 20.

109 539
112 416

# Mullins, &c. v. McKeel, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.   REVERSED.

SCHOOLS—ELECTIONS TO VOTE TAX—DUTY OF SHERIFF—CANVASSING
RETURNS—MANDATORY AND DIRECTORY PROVISIONS—REPEAL OF
STATUTE.

Held:   1. Under Kentucky Statutes, sections 4464-4468, inclusive,
providing for an election to take the sense of the voters of a
common-school district as to the imposition of a graded-school
tax, the duty of the sheriff is discharged when he has appointed
a judge and clerk of the election, and he need not remain at the
polls during the day.

2. As the statute does not prescribe when or how the sheriff shall
appoint the judge or clerk, that is left to his discretion.

3 No penalty being prescribed by the statute for the failure of the
judge or clerk to act, the sheriff may, if the persons appointed
fail to act when the time arrives, appoint other persons in their
stead.

4. When the election law of March 11, 1898, went into operation, the
provisions of the old law imposing upon certain county officers
the duty of examining election returns and giving certificates
of election were at once repealed; and prior to the appointment
in a particular county of a county board of election commis-
sioners, upon which that duty was imposed by the new law,
there was no board in the county authorized to canvass election
returns and give certificates.

5. While the provision of the statute requiring the county board of
election commissioners to examine the returns of an election
to take the sense of the voters of a school district as to the impo-
sition of a graded-school tax, and to give a certificate showing
the result, is mandatory, yet, as the provision fixing the time
when the canvassing must take place is not of the essence of the
thing to be done, it is merely directory; and, where no county
board has been appointed at the time fixed for canvassing the
returns, that duty may yet be performed by the board since ap-
pointed, and the subsequent acts required by the statute can
thereafter be taken by *nunc pro tunc* orders.

D. G. PARK, ATTORNEY FOR APPELLANTS.

ROBERTSON & THOMAS, FOR APPELLEES.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This suit was instituted by the appellants to enjoin the collection of a graded-school tax in common-school district No. 25 in Graves county. The tax was voted at an election held in the district on the 2d day of July, 1898, pursuant to an order of the county court made at its preceding May term. The steps to procure the holding of the election were had pursuant to sections 4464-4468 of the Kentucky Statutes. The steps required by these sections of the statutes were substantially complied with; in fact, we may say they were literally followed. But appellants claim that the tax levy is illegal and void: First, because the sheriff of the county did not in person remain at the poll during the time the election was in progress, and hold the election, and certify the returns thereof in person; second, because the county judge, the county clerk and the sheriff acted as an examining board, and certified to the county judge the number of votes cast at the election, the amount of tax voted, and the names of the six trustees elected; third, because there is no record evidence that the judge and clerk who held the election were appointed for that purpose; and several other immaterial objections are also made.

It appears in the evidence that the sheriff of the county was in attendance at the polling place on the morning of the election before 7 o'clock; that the judge and clerk who had been appointed by him in the advertisement of the election to open the poll and conduct the election were not present; that thereupon he appointed R. G. Right to act as

judge and T. W. Thomas to act as clerk, and had both of them sworn to discharge their duties by a magistrate; and that these officers, so appointed by the sheriff, actually held the election in due form of law. It was not the duty of the sheriff to have actually participated in the holding of the election, or to have remained present at the polling place during the day. His duty in connection with this matter was discharged when he appointed the judge and clerk for that purpose. The duty then devolved upon them. The law did not require him to be present during the day, nor does the statute prescribe when or how he should appoint the judge or clerk. This, of necessity, is left to his discretion. As the statute provides no penalty upon a judge or clerk for failure to act, the sheriff was justified, when the time for holding the election arrived, in substituting other persons for those who had failed to act.

The other objection to the levy suggested by counsel for appellant presents a much more serious question. By the act of March 11, 1898, commonly known as the "Goebel Law," the Legislature made numerous and radical changes in the election laws as they had previously existed. This statute provided for the appointment of a state board of election commissioners, who should annually, not later than the month of September, appoint other election boards for each county of this Commonwealth, who should be styled the "County Board of Election Commissioners;" and subsection 5 of section 1596, which is part of this act, provides that said county board of election commissioners should constitute a board for examining and canvassing the election returns of each county, and awarding and issuing certificates of election; and subsection 16 of the same section provides that all acts and parts of acts

in conflict with this act are, to the extent of such conflict,. repealed. Previous to the passage of this act, section 1507 of the Kentucky Statutes imposed upon the judge of the county court, the clerk thereof, and the sheriff, or one of his deputies if he was unable to act, the duty of examining the election returns of each county, and giving certificates of election in accordance therewith. We are of opinion that this provision of the old law was absolutely repealed when the new statute went into operation, as there was no reservation or saving clause in the new act (see Mechem, Pub. Off., section 408; 10 Am. & Eng. Enc. Law (2d Ed.), page 563, and cases there cited); and the county board of election commissioners were, after this act took effect, charged with the duties of examining election returns, and giving certificates with reference therto, which, previous to its passage, were imposed upon the county judge, clerk, and sheriff. At the time the election was had and the returns compared by the old board of examiners, the new law was in full force, but the county board of election commissioners for Graves county had not been appointed by the State board, and were not so appointed until September 15th thereafter. It follows, therefore, that there was no board charged with examining and canvassing election returns in Graves county at the time the vote in question was taken. The question, therefore, to be determined is whether the provision of section 4468 of the statute which looks to a canvassing of the election returns by the county board of election commissioners is mandatory or directory in its application to the facts of this case. The section is as follows: "If it shall appear that a majority of the votes cast at said election were in favor of said tax, then it shall be the duty of the county

judge to cause the certificate of the examining board show-
ing the amount of tax vated and the names of the six trus-
tees elected, to be entered of record in the order book of
his court, and to give a copy thereof to the county super-
intendent, who in connection with the other trustees shall
organize a graded common school in said district in ac-
cordance with the provisions of this law."

It is always difficult to lay down a general rule to deter-
mine in all cases, when the provisions of a statute are
merely directory, and when mandatory or imperative.  No
court has the right to hold any requirement of a law un-
necessary to be complied with unless it is manifest the
Legislature did not intend to impose the consequence
which would result from holding the requirement indis-
pensable.  If it be clear that no penalty was intended to
be imposed for noncompliance, then it is but carrying out
the will of the Legislature to declare the statute in that
respect to be directory.  But, if there be anything to the
contrary, a full compliance with it must be enforced.  The
most satisfactory test as to whether a statute is directory
or mandatory is whether the prescribed mode of action
is of the essence of the thing to be accomplished, or mere-
ly relates to some matter of conveyance in ascertaining
the result.  Chief Justice Shaw, of Massachusetts, in the
early case of Torrey v. Millbury, 21 Pick., 67, in passing
upon this question, said: "In construing the various stat-
utes regulating the assessment of taxes, and the measure
preliminary thereto, it is not always easy to distinguish
which are conditions precedent to the legality and valid-
ity of the tax, and which are directory merely, and do not
constitute conditions.  One rule is very plain and well
settled: that all measures that are intended for the security
of the citizen, for insuring equality of taxation, are condi-

tions precedent, and, if they are not observed, he is not legally taxed, and he may resist it in any of the modes provided by law for contesting the validity of taxes. But regulations intended to promote method, system and uniformity in the modes of proceeding, the compliance or noncompliance with which does in no respect affect the rights of the taxpaying citizen, are directory." But where the intent of the Legislature is not to devolve a mere discretion, but to impose a positive and absolute duty, the provisions of the statute are mandatory. See Supervisors of Rock Island Co. v. U. S., 4 Wall., 435; (18 L. Ed., 419.) In the chain of statutory proceedings, which authorize the levy of a tax upon the citizens of a common-school district to support a graded school, one step is, that the county board of election commissioners shall examine the returns of the election made by the officers who conducted same for the purpose of giving a certificate showing the amount of tax voted, and the names of the six trustees elected. This provision of the statute was intended as a protection and safeguard to the taxpayer, and imposes a positive and absolute duty. Their certificate of the result of the election is the basis of all subsequent steps contemplated by the statute looking to the incorporation of the graded common-school district, and the levy of the tax voted by the citizens to support the school, and must be complied with to authorize the subsequent steps indicated therein. But the provision fixing the time when the canvassing must take place is not of the essence of the thing to be done, and is not mandatory, although such officers may be liable to legal animadversion, and perhaps punishment for failure to discharge the duty imposed upon them by law. See Fay v. Wood, 65 Mich., 390; (32 N. W., 614); Pond v. Negus, 3 Mass., 232; People v. Board of Police,

46 Hun., 296; Webster v. French, 12 Ill., 302; United States Trust Co., v. United States Fire Ins. Co., 18 N. Y., 199. And they may be compelled to perform them by mandamus. See Clark v. McKenzie, 7 Bush, 523; Broaddus v. Mason, 95 Ky., 421; (25 S. W., 1060). There is nothing in the record, so far as we are advised, which would prevent the discharge of these duties by them upon the return of this case, and the subsequent acts provided by the statute could thereafter be taken by the entry of orders *nunc pro tunc*. For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.