## Hughes v. Roberts, et al.

(Decided February 8, 1911.)

## Appeal from Henry Circuit Court.

1. Tax Election—Irregularities.—Mere irregularities in the conduct of an election will not render it void; but in holding an election for the imposition of a tax the prescribed authority which authorizes the execution of that power should be carefully followed in every material respect.

2. Election Officers—Number Necessary.—Where the statute requires a tax election in a school district for the issuing of bonds of the district to be held by four election officers, an election held by two officers is invalid.

R. D. JACKSON for appellant.

TURNER & TURNER for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Pursuant to a resolution regularly and properly adopted and notice given by the board of trustees of the Bethlehem White Graded Common School District No. 24, in Henry county, an election was held in that school district on September 12th, 1910, under section 4481 of the Kentucky Statutes, to determine the question whether or not the trustees should issue bonds of their district in an amount not exceeding $2,000, for the purpose of providing suitable grounds, school buildings, furniture and apparatus for said district.

The appellant Hughes, as a citizen, resident and taxpayer of the district, instituted this suit against the board of trustees, asking that they be enjoined and restrained from issuing the bonds, upon the sole ground that the election was held and conducted by one clerk and one judge, instead of by two judges, a clerk and a sheriff, as the law requires. The circuit judge sustained a demurrer to the petition, and the plaintiff appeals.

It is conceded by the appellant that the action of the trustees in calling the election was regular; that the notice was sufficient and properly posted; that the requisite two-thirds of the voters who voted cast their votes in favor of the proposition, and that there are no constitutional inhibitions which stand in the way of the issuing of the bonds, provided the election which authorized them was a valid election.

The proceedings, except in the number of the election officers, was in strict compliance with the statute as construed in Arbuckle v. McKinney, 30 Ky. Law Rep., 55. The statute, however, requires that the board shall appoint two judges, a clerk and a sheriff, to hold the election, who shall be first duly sworn before acting, and shall be housekeepers and taxpayers resident in the district for which they are appointed. There is no suggestion of fraud, or of any unfair advantage having been taken of any one; on the contrary, it is admitted that the election was regularly and quietly conducted, and fully and fairly expressed the will of the voters of the district.

The general rule is well established, that mere irregularities in the conduct of an election will not render it void; and it has been held that the holding of an election by persons who were not officers de jure, but who had colorable authority and who acted de facto in good faith, was not so grave an irregularity as to void the election. However, when it comes to the imposition of a tax, the prescribed authority which authorizes the execution of that great power, should be carefully followed in every material respect. In Judge of Campbell County Court v. Taylor, 8 Bush, 208, this court said:

"The power to tax is a high governmental power, but fortunately for the people it can not be exercised by legislative authority without limit; and when the legislature grants that high power to another tribunal it can only be exercised in strict conformity to the terms in which the power is granted, and a departure in any material part will be fatal to the attempt to exercise it."

This language was quoted with approval in Bowling Green & Madisonville R. R. Co. v. Warren County Court, 10 Bush, 724. And in Mays v. Slemmons, 14 Ky. Law Rep., 660, 663, Judge Barbour, speaking for the Superior Court, said:

"We are aware that in matters of this kind the courts are inclined to give the statute a liberal construction in aid of its beneficent purposes. But we must not lose sight of the fact that in the taking of private property for public uses, no matter how meritorious the object may be, the forms prescribed by law must in their true spirit be followed. Here the requirements of the law are simple; they can be as easily followed as disregarded, and it is far better that the public inconvenience growing out of the delay should be suffered than that the constitutional rights of the citizen should be imperiled."

Appellee relies, however, upon Trustees of Common School District No. 88 v. Garvey, 80 Ky. 159, and other similar cases, as authority to sustain this election.    In the Garvey case the statute required that the school commissioner, or some one chosen by a majority of the voters present and voting, should act as judge of the election. The commissioner did not serve; and, mistaking his authority, directed Gayle to act as judge of the election, and Gayle did so without having been elected by the voters.    Furthermore, many of the votes were recorded by the voters themselves and by other unauthorized persons.    The court upheld the election upon the theory that Gayle was a de facto officer acting by the common consent of all persons interested in the election.    There is, however, a marked distinction, in principle, between the Garvey case and the case at bar, in this: In the Garvey case the law required but one election officer; and Gayle, although he was not elected in the manner pointed out by the statute, was, nevertheless, a de facto officer, recognized as such, and thereby satisfied the statute which required only one election officer.    In the case at bar, however, the statute required that there should be four officers of election, when there were, in fact, only two officers of any kind.    If, in this case, two other officers had served by common consent, we might then have had a case similar to the Garvey case.    But if two officers could lawfully hold an election where four should have acted, we see no reason why one officer could not do so, and thus destroy one of the safeguards which the statute has thown around the people for their protection in this important matter of taxation.

In State v. Taylor, 108 N. C., 196, 12 L. R. A., 202, the court said:

"An essential element of a valid election is that it shall be held by lawful authority, substantially as prescribed by law.    It is not sufficient that it be simply conducted honestly; it must as well have legal sanction.    The statutory provisions and regulations in respect to public elections in this State must be observed and prevail, certainly in their substance.    Otherwise the election will be void and so treated.    Therefore, the contention that if the election in question was simply conducted fairly and honestly it was valid, is unfounded."

The Legislature has not left the question an open one.    Section 448 of the Kentucky Statutes provides as follows:

"Words purporting to give authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or persons."

If a minority of the required number of election officers could lawfully hold an election, then the other minority might also hold a separate and different election at the same time. In matters of such vital importance as the imposition of a tax upon the property of the citizens, we are of opinion that the statute should, in this respect, be substantially complied with, and that such an election must be held by, at least, a majority of the election officers prescribed by the statute.

Wherefore, the judgment sustaining the demurrer to the petition, is reversed; and the cause is remanded with instructions to overrule said demurrer, and for further proceedings consistent with this opinoin.