## Lamaster v. Wilkerson, et al.

(Decided April 19, 1911.)

### Appeal from Henry Circuit Court.

1. Graded Common Schools—Bond Issue—Vote as to Whether Bonds Should be Issued—Notice—Printed Posters—Whether the posters giving notice of the holding of an election to submit a bond proposition in aid of the building of a graded common school building were printed from the original manuscript prepared by the trustees, or whether they authorized the printing of their names and adopted them as their signature, in either

case there was a substantial compliance with the statute which requires that the election notices be signed by the trustees.

2. Same—Appointment of Judge and Clerk by Other Trustees—Acted Under Color of Appointment—Does Not Render Election Invalid—While the appointment of the judge and clerk of the election was illegal, they possessed the necessary qualification, were duly sworn, and properly performed their duties, and in view of these facts there is no reason for declaring the election invalid. They acted under color of appointment and in good faith without knowledge of the illegality of their appointment, and their acts and services were recognized and accepted in good faith by the other officers and voters as if their appointment had been legally made.

TURNER & TURNER for appellant.

MOODY & BARBOUR for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by appellant, a resident citizen and taxpayer of Graded White Common School District No. 30, of Henry County, in his own behalf and for other citizens and taxpayers of the district too numerous to be made parties, against appellees, composing the board of trustees of the district, to restrain them by injunction from issuing and selling certain bonds to the amount of $15,000.00 for constructing and equipping, at New Castle, in the district in question a building in which to conduct the graded white common school of the district; the question as to whether the bonds should be issued, having, as alleged in the petition, been determined in favor of their issuance by vote of more than two-thirds of the electors of the district at an election held by order of the board of trustees and after ten days' notice, February 4, 1911; there being 177 votes cast in favor of issuing the bonds, and 46 votes in opposition thereto.

The result of the election was duly certified by the officers thereof to the board of trustees and the latter thereupon caused the bonds to be issued and were preparing to sell them when appellant instituted his action.

The resolution of the board of trustees ordering the election provided for the levying of an annual tax, within the constitutional limit, upon the property of the residents of the district for raising an amount of revenue sufficient to pay the semi-annual interest on the bonds

as due, and a sinking fund for their redemption at maturity.

Appellees filed a demurrer to the petition which the circuit court sustained; and appellant refusing to plead further, judgment was entered dismissing the action at his cost, from which he appeals.

Complaint is made of the judgment on two grounds: 1st, That the posters giving notice of the election were not signed by the members of the board of trustees; and that their names appearing thereto were merely printed instead of being signed in their own hand-writing. 2nd, That the clerk and one of the judges of the election were not authorized to act as such, because they were illegally appointed by only two of the five members of the board of trustees. For the foregoing reasons it is argued by counsel for appellant that the election was void, and therefore, the bonds are invalid and should not be sold.

Neither of these contentions is sound. As to the first it would perhaps be sufficient to say that the posters giving the voters of the district notice of the time, place and hours of the election, were doubtless printed from the original notice or manuscript prepared by the trustees to which each of them will be presumed, in the absence of allegation and proof to the contrary, to have attached his official signature. If this view of the matter should be rejected, there is still the presumption, altogether reasonable and legal, that the trustees, considering the fact that it is admitted they caused the notice to be printed and posted, authorized the printing of their names on them and adopted them as their signature. In either case there was a substantial compliance with the statute (section 4481, Ky. Sts.), which requires that the election notices be signed by the trustees.

In legal contemplation to sign means to attach a name, or cause it to be attached, by any of the known methods of impressing the name on paper with the intention of signing it. Words and Phrases, 6512.

In 36 Cyc., 448, we find this statement of the law on the subject:

"Signatures adopted by persons are sufficient to give validity to instruments even though typewritten, or printed." Herrick v. Merrill, 33 N. W. 849.

Appellant's second contention, though not difficult of solution, will require fuller discussion than the first.

It appears from the averments of the petition that three of the five trustees of Graded White Common

School District No. 30, in due time appointed officers consisting of two judges, a clerk and sheriff to hold the election in question, as provided by section 4481, Kentucky Statutes; but that on the day before the election it was ascertained that the clerk and one of the judges thus appointed would be unable to serve, whereupon two of the trustees, one of whom held the proxy of a third trustee, met that day and appointed another judge and clerk to serve as officers of the election on the following day, in conjunction with the judge and sheriff appointed by the three trustees at the first meeting who were able and qualified to serve, and these four held the election as required by law. We agree with appellant that the appointment of the last judge and clerk by the two trustees was unauthorized by the statute. Less than a majority of the trustees were without power to appoint election officers, nor could the proxy of one absent trustee be used by one of the two trustees present in such a state of case. But it is admitted by appellant that the judge and clerk appointed by the two trustees possessed the qualifications entitling them to serve as election officers, that they and the judge and sheriff appointed by a majority of the board of trustees, were duly sworn as required by law, before commencing to act as officers of the election; the the judge and clerk appointed by two trustees were allowed to serve without objection from the voters of the district, or the judge and sheriff of the election; that they properly performed their duties; and that the election was fairly conducted. In view of these facts no reason is apparent for declaring the election invalid. Manifestly, the judge and clerk last appointed acted under color of appointment and in good faith, without knowledge of the illegality of their appointment; and their acts and services as officers of the election were recognized and accepted in good faith by the other officers of the election and the voters of the district in all respects as if their appointment had been legally made.

If at the election, and before the voting began, complaint had been made that the judge and clerk appointed by the two trustees were not entitled to act as election officers by reason of the illegality of their appointment, in the absence of a quorum of the trustees of the district, their places might have been filled by one of the other election officers, or the voters present, under the power of appointment conferred by section 1596a, sub-section 4,

Kentucky Statutes, to be exercised where the County Board of Election Commissioners fails to appoint the election officers, or those appointed by the board fail to attend the election, or refuse to act; but no complaint was made. It is manifest that the election resulted as it would have done had the judge and clerk in question been legally appointed. They were, therefore, election officers de facto, whose connection with the election did not affect its validity. It is well settled that the acts of election officers de facto, who are under color of election or appointment, are as valid as to third persons and the public as those of officers de jure.

In Trustees Common School District No. 88 v. B. F. Garvey, &c., 88 Ky. 159, this court had under consideration the validity of a school tax which had been voted upon Common School District 88 in Owen county. One of the objections raised was that the election at which the tax was voted was invalid, because held by one Gayle as judge by appointment of the county school commissioner; the law then in force providing that "no person except a commissioner, or some person residing in the district, shall be competent to act as judge of the election," and "the judge, if not a commissioner shall be chosen by a majority of the voters present and voting." * * * It was said in the opinion, written by the now venerable Judge Pryor:

"The statute, however, should be construed with a view of carrying into execution the legislative will; and when an election has been held and the tax imposed, the burden is on the taxpayer who resists its collection to show the election is void. A mere irregularity in conducting it will not authorize the chancellor to interfere and prevent the imposition of a burden the taxpayer has assumed for the purpose of aiding a great public interest. * * * The judge of the election presided after full notice had been given of the object intended to be accomplished by the vote. The people assembled in accord with the notices published by authority of the commissioner and there was a full and fair expression of sentiment on the issue raised. The judge signed and made affidavit to the correctness of the poll books and returned them to the county court as required by law. He was a voter and resident of the district. Those assembled not only failed to make any objection to him as judge, but by their vote consented that he should preside and conduct the election, and are as much bound by the

result as if he had been chosen judge by the first voter approaching the polls.''

The opinion in Hughes v. Roberts, &c., 142 Ky., 142, does not conflict with the views herein expressed. It was held in that case that where a statute requires a tax election in a school district to be held by four election officers, an election held by two officers was invalid. The opinion discusses the case of Trustees, &c. v. Garvey, &c., supra, and differentiates it from that case.

Being of opinion that the election of which appellant complains was legally held, and that the bonds issued in pursuance of the result thereof are valid, the judgment is affirmed.