## Moores v. Board of Trustees of the Chaplin Graded Common School District.

(Decided October 1, 1920.)

### Appeal from Nelson Circuit Court.

1. Schools and School Districts—Description of District.—A description of a proposed graded common school district by the designation of farms is sufficient.

2. Schools and School District—Election to Establish—Officers—Appointment.—The sheriff in holding an election to establish a graded common school district is not required to appoint in writing the officers to hold the election and a verbal appointment of such officers who afterwards take the oath and act will be sufficient.

3. Schools and School Districts—Bonds—Election for Purpose of Issuing.—The board of trustees of a graded common school district in its order calling an election for the purpose of issuing bonds, as provided in section 4481a-1, volume 3, Kentucky Statutes 1918, are not required to fix a limit therein of the amount of the bonds proposed to be issued since the statute authorizing the election as well as section 158 of the Constitution fixes the limit. Nor is it necessary that such order shall specify the period that the proposed bonds shall run nor their rate of interest since these matters are also fixed by statute.

FULTON & FULTON for appellant.

No brief for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Rubin Moores, a citizen and taxpayer within the graded common school district which includes the town of Chaplin, Nelson county, and some contiguous territory, brought this suit against the board of trustees to enjoin the issual of bonds by the trustees which had been authorized by the voters thereof at an election held

at the school house therein on April 10, 1920, pursuant to an order of the board calling it, made on March 30, 1920. The graded school district was established by a vote of the citizens residing therein at an election held on the 6th day of March, 1920, which election had been ordered by the county court pursuant to the directions of section 4464a, 3rd volume, Kentucky Statutes, edition 1918. The demurrer filed by defendant, board of trustees, to the petition was sustained and plaintiff declining to plead further his petition was dismissed, hence this appeal.

The facts alleged in the petition as grounds for the relief sought are: (1) That the boundaries of the proposed district are not sufficiently definite in description to comply with the requirements of the section, *supra,* under which the county court ordered the election; (2) that the sheriff who held the election pursuant to the order therefor verbally appointed the election officers to hold the election when he should have done so in writing, and (3) that the order of the trustees of the district calling the election for the issual of bonds did not fix a limitation upon the amount of bonds to be issued, and failed to designate their number, the rate of interest they were to bear or when they were to mature. It will thus be seen that grounds (1) and (2) assail the validity of the proceedings establishing the district, while ground (3) calls in question an act of the trustees after the district was established through the election called for that purpose and at which they were elected and subsequently qualified. None of the proceedings looking to the establishment of the district, such as the filing of the petition with the county judge, the proper indorsements thereon, the order calling the election and other necessary steps required by the statute except as stated in grounds (1) and (2) are attacked, nor could they be, since they literally conform to such requirements. The same is true with reference to the election and qualification of the trustees, who called the election at which the bonds in question were voted pursuant to the provisions of section 4481a-1 of the Kentucky Statutes, *supra.*

Ground (1) is rested upon the fact that in the petition filed before the county judge to procure the election for the establishment of the district, as well as in the order calling the election, the description of the proposed district is made to include all of the town of Chaplin and certain designated farms adjacent thereto, none of which to exceed two and one-half miles from the school house, a description of the site thereof being also given. This

ground cannot be considered by us since it was presented and overruled in the case of DeHaven v. Hardinsburg Graded Common School District No. 4, 164 Ky. 511, and cases therein referred to. Ground (2) is equally untenable since this court held to the contrary in the case of Mullins v. McKeel, 109 Ky. 539, wherein the opinion, in part said, "the law did not require him (sheriff) to be present during the day (of election) nor does the statute prescribe when or how he should appoint the judge or clerk." The statute, with reference to the duties of the sheriff in holding the election, is the same now as when that opinion was rendered. There is no provision found anywhere in it requiring the appointment of the election officers by the sheriff in writing nor is there any implication to that effect. The essential thing is that the fairness of the election shall be safeguarded by the appointment of citizens and voters of the district as officers of the election and that they shall act under oath. When these things are done the requirements of the law are met.

The order of the board calling the election at which the bond issue was voted recites that the call was "for the purpose of taking the sense of the voters of said school district as to whether or not the trustees of said district shall issue bonds of said district for the purpose of providing suitable grounds, building, furniture, and apparatus for said district." At first blush, it might appear that the omission of the order to contain the matters relied on in ground (3) would render the order, as well as the election held thereunder, fatally defective, but· this first impression vanishes when we contemplate section 158 of the Constitution in connection with the section of the statute, *supra*, authorizing the trustees to order the election, and apply thereto common sense and reason. There is a maxim which says "*Certum est quod certum reddi potest.*" The petition, as amended, avers that the last assessment of property in the district preceding the election at which the indebtedness was incurred was the sum of $500,000.00. Under the provisions of section 158 of the Constitution the voted indebtedness of the district could not exceed two per centum of that sum or a total of $10,000.00. The section of the statute, *supra*, authorizing the trustees to call the election and conferring on the electors the right to vote the indebtedness expressly provides that the amount of bonds shall not exceed "the limit provided by sections 157 (one hundred and fifty-seven) and 158 (one hundred and fifty-

eight) of the present Constitution of this state.'' Under the rule of the above maxim the voters of the district knew at the time they voted for the issual of the bonds that they could, in no instance, exceed $10,000.00, and as said by this court in the case of Arbuckle v. McKinney, 30 Ky. L. R. 55, in considering a similar question:

''The voters are presumed to possess sufficient intelligence to understand the Constitution and laws of the state, and to know in a general way what bonded indebtedness they are willing to bear for the purposes of education; therefore the resolution and the notice of the election, it seems to us, gave them sufficient data by which they could intelligently determine how they desired to vote upon the proposition of issuing the bonds. They knew, as said before, that the indebtedness could not exceed ten thousand dollars in all events, and that it was the desire of the trustees to issue bonds up to the full constitutional limit, whatever that was, not to exceed ten thousand dollars. *Id certum est quod certum reddi potest.''*

It is true that in that case, as well as in the case of McGinnis v. Board of Trustees, etc., 32 Ky. L. R. 1289, both of which had under consideration the validity of bonds issued by a graded common school district, the order of the trustees calling the election fixed a maxium amount of bonds to be issued, but states in the orders that the amount was in no case to exceed the constitutional limit. In the Arbuckle case the maximum amount so stated exceeded the constitutional limit. But, notwithstanding that fact, this court upheld the validity of the bonds. We are unable to see how the mere fact of naming in the order the maximum amount of bonds, which is an illegal one, could have any curative effect upon its validity or that of the election held thereunder. If the limitation of the voted indebtedness, instead of being measured by a per centum of the property, in section 158 of the Constitution, had been a fixed sum and the trustees in their order calling the election had provided for the issual of bonds ''to an amount not to exceed the constitutional limit,'' could it then be insisted that such limit should be stated in the order? We think not, for the maxim *supra* says: ''That is sufficiently certain which can be made certain,'' and we will indulge the presumption that the voter is capable of ascertaining the sum of two per centum of a given amount. In a case like this he may easily ascertain the amount upon which the per centum is to be calculated

from the public records in the offices of the county court clerk and other officials, whose duties appertain to the assessment and collection of *ad valorem* taxes. Neither was it necessary that the order calling the election for the issual of the bonds to state the term which they were to run or the interest they should bear, since section 4481a-3 of the statute, *supra*, limits these matters. McGinnis v. Board of Trustees, etc., *supra*.

We, therefore, conclude that none of the grounds relied on is sufficient to authorize the court to issue the injunctive process prayed for and the demurrer was properly sustained to the petition. Wherefore the judgment is affirmed.