## Schaffield v. Hebel et al.

Jan. 18, 1946.

360

Walter J. Burke for appellant.

Daniel W. Davies and Thomas Hirschfeld for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

On the face of the returns of the November, 1945, election, Frank E. Schaffield, Democrat, was elected Police Judge of Dayton over Arthur E. Hebel, Republican, by a majority of 11 votes. Hebel petitioned the court for a recount and Schaffield made his response a contest. The recount showed Hebel elected by a majority of one vote. The court dismissed Schaffield's contest, and he appeals.

It is now agreed that the court properly refused to count for either party five ballots which were not signed by one of the judges of the election. One ballot has a small cross mark, almost invisible, in the block opposite Schaffield's name, and he claims it should be counted for him. Apparently the shadowy mark was not made with a stencil. The folding of the ballot did not cause it; nor does it appear to have been left after an attempted erasure. The ballot was clearly and properly voted with distinct, clear stencil marks in three other races and for six of eight candidates for councilmen. There may be several guesses as to how or why this indistinct mark appears on the ballot in the race for Police Judge, but we are very sure that the voter did not make it with any intention that it should be counted and, therefore, that the court properly disregarded it. Another ballot had been stamped for Schaffield and then' vigorously erased in a smearing manner. The rubbed fiber of the

paper shows the erasure. There was no attempt to vote in several other races, which would indicate that the voter had no purpose of voting in all the races. It is a well established rule that where a mark on a ballot reveals an effort to correct an error, or perhaps a change of mind, or evidences an intention not to vote, the ballot should not be counted. The two contested ballots, therefore, were properly not counted for either party. Wurts v. Newsome, 253 Ky. 38, 68 S. W. 2d 448.

We are of opinion, therefore, that the result of the recount was proper.

The principal point presents an apparently new question in election contests. In two precincts the ladies appointed to be sheriffs of the election by the County Election Commission acted as judges, and the two ladies named as judges acted as sheriffs. In another precinct a lady who had been appointed a judge was disqualified and did not serve. The election was held by the other three officers, two ladies and one man. The other lady named as a judge served both as judge and sheriff, and also assisted the clerk, while the man appointed as sheriff acted as the other judge. In all these precincts the three persons appointed as sheriffs, but who served as judges signed their names on the ballot as judges. Hebel received 281 of the ballots so signed and Schaffield received 194. Schaffield contends that all of these ballots are invalid because not signed by the judges appointed by the County Election Commission; that the signatures of the sheriffs were nullities so far as giving validity to the ballots. If he should be sustained, then he would have a majority of 86 votes.

The swappping of offices in this manner is not to be approved or commended. The Board of Election Commissioners presumably exercised care and discretion in choosing and appointing persons to the respective election offices, having consideration for their special qualifications. KRS 116.080. The statute provides that if an officer so appointed does not appear for service his place shall be filled by the other election officer of the same political party or if none then present by the voters then assembled at the polls. KRS 116.130. Therefore, the swapping of positions is contrary to the statute, but ordinarily it is of little consequence. The law provides that there shall be a judge representing each of

the two political parties, and the sheriffs in the whole county shall be evenly divided between the two parties so that in alternate precincts there is a Republican and a Democrat sheriff. Among his duties is that of acting as umpire when the judges disagree on a voter's right to cast his ballot. KRS 118.270. As a practical matter his office may be very important in this particular. Thus it appears in this instance that the result of the exchange was that in two of the precincts both acting judges were Democrats. There is no intimation of unfairness, however, or suggestion of a dispute of any kind having arisen or that the election was held other than proper and legal in every respect. It is a general principle, consistently observed, that an election will not be invalidated, wholly or partially, or voters be deprived of their right of suffrage by mere irregularities on the part of election officers, or by their failure to conform to a statutory provision which is not mandatory or of the essence, or for a non-compliance with a statute which does not expressly declare that such failure shall be a ground for throwing out an election, in whole or in part, unless such dereliction affects the fairness and equality of the election or the ascertainment of the true results. Cowan v. Prowse, 93 Ky. 156, 19 S. W. 407, 14 Ky. Law R. 273; Raymer v. Willis, 240 Ky. 634, 42 S. W. 2d 918; Kelly v. Gruelle, 298 Ky. 450, 183 S. W. 2d 39.

As stated, the point here is that the ballots are invalid because not authenticated by one of the legally appointed judges as the statute requires. KRS 118.280; Johnson v. Caddell, 250 Ky. 640, 63 S. W. 2d 810; Berndt v. Fitzpatrick, 300 Ky. 484, 189 S. W. 2d 678. That provision is mandatory. But the provisions in reference to appointing the particular officers of election are directory since they pertain to the manner and form and do not go to the essence. Fidelity T. & S. V. Co. v. Mayor, etc. of Morganfield, 96 Ky. 563, 29 S. W. 442.

An officer de facto is to be distinguished from a mere usurper or one not having some color of title to the office, and to be one whose title is not good in point of law but who is in fact in the unobstructed possession of an office and is discharging those duties in full view of the public in such manner and under such circumstances as not to present the appearance of being an intruder or usurper. 43 Am. Jur., Public Officers, Sec. 471; Waite v. Santa Cruz, 184 U. S. 302, 20 S. Ct. 327, 46 Law

Ed. 552; Coquillard Wagon Works v. Melton, 137 Ky. 189, 125 S. W. 291. In the conduct of an election where the officers may be thus classed or considered, the irregularities or deficiencies with respect to their appointment or qualification will not render the election void or ineffectual. 18 Am. Jur., Elections, Sec. 38. Nor will an irregularity consisting of the selection of a substitute for an absent official by the remaining officers rather than by the electors present have that effect. 29 C. J. S., Elections, Section 59. As said in Hughes v. Roberts, 142 Ky. 142, 134 S. W. 168 Ann. Cas. 1912D, 148:

"The general rule is well established that mere irregularities in the conduct of an election will not render it void; and it has been held that the holding of an election by persons who were not officers de jure, but who had colorable authority and who acted de facto in good faith, was not so grave an irregularity as to avoid the election."

In Trustees, Common School District No. 88 v. Garvey, 80 Ky. 159, an election had been held to decide whether an additional school tax should be assessed. The statute provided that if the school commissioner should not act as the judge at such an election (viva voce) he should be "chosen by a majority of the voters present and voting." The school commissioner did not serve but he had directed or appointed another, who served without objection by any voter and a fair election was held. The court construed that to be a consent by the voters that he should act in the capacity of judge of the election, and held that his appointment was as effective as though he had been chosen expressly by the first voters appearing at the polls, as the statute had provided. The theory was that he was a de facto officer. In Collins v. Masden, 74 S. W. 720, 25 Ky. Law Rep. 81, where at another viva voce school election the person who had been duly appointed clerk failed to act and another had been named by the judge of the election, with the consent of the voters, and had acted as such although perhaps he was disqualified. It was held that he was a de facto officer and the election was valid. And in Lamaster v. Wilkerson, 143 Ky. 226, 136 S. W. 217, 219, a judge and clerk had been irregularly appointed, but they served without objection. It was said concerning them that, "manifestly" they had "acted under color of

appointment and in good faith, without knowledge of the illegality of their appointment; and their acts and services as officers of the election were recognized and accepted in good faith by the other officers of the election and the voters of the district in all respects as if their appointment had been legally made." A similar case is Mullins v. McKeel, 109 Ky. 539, 59 S. W. 849, 22 Ky. Law Rep. 1112.

In the instant case, it may be said that each of the persons appointed by the County Board of Election Commissioners to be judges in the several precincts had declined to serve and that their respective places were filled by the other officers of the same political party, for they agreed to it, and also by the voters present, for they made no objection. This would bring their selection within the provisions of the statute relating to filling a vacancy. Certainly, those who acted as judges and signed their names as such were de facto judges of the election and their acts in signing the ballots constituted a proper authentication of them. This is in accordance with the general rule that the exercise by an officer de facto of authority which lawfully appertains to the office of which he has possession is as valid and binding as if exercised by an officer de jure, and an act by the one has the same force and effect as an act of the other so far as it is for the interest of the public or of third persons. Pence v. City of Frankfort, 101 Ky. 534, 41 S. W. 1011; Holland v. Stubblefield, 182 Ky. 282, 206 S. W. 459.

Wherefore, the judgment is affirmed.