## Bradley v. Chaffins et al.

March 18, 1949.

J. D. Atkinson and Thomas E. Nickel for appellant.

V. F. Stewart and Robert P. Woods for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This suit involves a recount and contest of a school board election held November 2, 1946 in Greenup County School District No. 4. Appellee was declared elected by the election commissioners, and after the recount in this proceeding, he appeared the winner by eight votes.

Appellant's claim to a majority of the legal votes is based on the contentions: (1) the procedure prescribed by the statute for opening and counting certain absentee ballots was not followed, and the secrecy of these ballots was destroyed; (2) the Judge of the election who issued the ballots in the Alcorn Precinct was not a member of the opposite political party to that of the clerk, as required by statute; and (3) the school ballots in the Alcorn Precinct were not deposited in a ballot box, as required by law.

Ground No. 1 appears to have been abandoned on this appeal since ignoring these ballots would not affect the net result. However, the failure of the election officials to comply with the directions of the statute, KRS 126.270, would not invalidate them in the absence of fraud or irregularity affecting the fairness of the election. See Stabile v. Osborne, 309 Ky. 427, 217 S. W. 2d 980.

Appellant's second ground must be governed by the same principle. KRS 160.240 provides that in school board elections the judge of the opposite political party to the clerk shall issue the school ballot. It appears the clerk was a Republican. The Democratic judge asked the Republican judge to fill out some of the ballots and issue them. KRS 118.280(1) directs the clerk and one of the judges to sign the ballot and provides that no ballot "not so signed in the handwriting *by one of the judges* shall be counted by the canvassing board." (Our italics.) The facts in this case show the ballots were signed by the clerk and by one of the judges. There was

a failure to comply with the specific directions of KRS 160.240, but this statute does not decree that such failure shall invalidate the ballots.

It seems clear the voter has done all that is required of him in this respect if he ascertains the ballot has been signed by one of the judges of the election. The statutes do not impose on him any duty to investigate the political affiliations of the clerk and the judges. In addition, it appears the requirement in KRS 160.240 is designed for the benefit of political parties and was not intended to impose an additional duty on the voter. Where, as here, we have a showing of nothing more than a mere irregularity on the part of the election officers, the voter should not be disfranchised. See Schaffield v. Hebel et al., 301 Ky. 358, 192 S.W.2d 84.

Appellant's third and principal contention is that the secrecy of the balloting in the Alcorn Precinct was not maintained because the voters failed to deposit their ballots in the ballot box. The school board election was held at the same time as the general election on November 2. The election officials were instructed by the County Clerk to keep the school ballots separate. Only one ballot box was delivered to the precinct by the Sheriff, although KRS 160.240 requires him to provide a separate box for the reception of school ballots.

The election officials improvised. They affixed to a desk or table a heavy paper envelope having approximate dimensions of 26 x 14 inches. At the direction of the election officials, practically all of the voters in this precinct deposited their ballots in this paper envelope. When the election was over it was sealed and delivered to the County Court Clerk. There is no evidence of any tampering with the ballots placed in this container.

KRS 118.290 requires the voter to deposit his ballot in a ballot box. One was available at the voting place, and it is argued that the voters' failure to follow the directions of the statute invalidated these ballots. Appellant contends that voting must be secret, and the failure to use the ballot box created an opportunity for the exposure of each vote. The evidence establishes, however, that the secrecy of the ballots was maintained. Only one witness testified that he could see another's marked bal-

lot in the paper envelope, but even he did not know how the ballot was voted.

In substance, this case is very similar to that of Jones v. Steele, 210 Ky. 205, 275 S.W. 790. In that case the Sheriff had neglected to furnish election booths in the voting place where a primary election was being held. It was decided that the statutory provisions with respect to "paraphernalia" of elections are directory, and their non-observance does not disfranchise the voters in the absence of fraud or illegality where the secrecy of the vote is maintained. In that case we recognized the use of a different type of ballot box than the one prescribed by statute would not make the election illegal.

It is clear the statutes direct the use of a metal ballot box as a safeguard of the secrecy of the ballot and the honesty of the election. However, if this two-fold purpose is accomplished by use of a different type receptacle, there is no justification for nullifying an election held under such circumstances. We do not in any way condone the neglect of election officials to properly perform the duties detailed for them in our statutes, but, on the other hand, courts should not, because of the failure to follow a directory provision, disfranchise the voters who have acted in good faith. Under the circumstances shown here, we believe the secrecy of the ballot was maintained and the election in the Alcorn Precinct was fair and honest. Such being the case, all of the properly marked school ballots deposited in the substitute container should be counted as legal. Appellee was, therefore, properly adjudged the winner of the election.

For the reasons stated, the judgment is affirmed.