**HARMON v. WILSON et al.**

Court of Appeals of Kentucky.

Jan. 30, 1953.

694

Joe Hobson, Prestonsburg, for appellant.
Clyde L. Miller, Louisa, for appellee.

DUNCAN, Justice.

This appeal involves a recount proceeding between rival candidates for the office of member of the Martin County Board of Education from Educational Division No. 4. As certified by the election commissioners, appellant Harmon received 411 votes as against 416 for appellee Wilson. On the recount, Harmon is shown to have received 410 and Wilson 414 votes.

Among the votes counted for Wilson were twenty-eight absentee ballots, which if deducted from his total would change the results of the election. Harmon insists that the inner envelopes in which the absentee ballots were received do not conform to KRS 126.210 because the notaries before whom the prescribed oaths were taken did not indicate in their jurat the State or county in which they were commissioned to act. It is asserted that the designation of "notary public" is not a complete indication of the official title as required by the statute. The briefs are largely devoted to a discussion of this question, and cases, both foreign and domestic relating to other instruments, are cited. Our conclusions render it unnecessary to determine the effect of such a designation generally as applied to other instruments.

■ It is a rule of practically universal application that an election will not be invalidated or voters deprived of their right of suffrage by mere irregularities which do not affect the fairness and equality of the election. As indicating the type of irregularities which will not invalidate an election or ballots cast therein, it has been many times held that an election conducted by officers not appointed or qualified in the manner directed by the statute will not be disturbed. Hughes v. Roberts, 142 Ky. 142, 134 S.W. 168; Trustees Common School Dist. No. 88 v. Garvey, 80 Ky. 159, 2 Ky. Law Rep. 383; Collins v. Masden, 74 S.W. 720, 25 Ky.Law Rep. 81; Lamaster v. Wilkerson, 143 Ky. 226, 136 S.W. 217; Mullins v. McKeel, 109 Ky. 539, 59 S.W. 849. In Schaffield v. Hebel, 301 Ky. 358, 192 S.W. 2d 84, it was held that an election conducted by less than the required number of election officers was valid. In Bradley v. Chaffins, 309 Ky. 764, 218 S.W.2d 975, and Stabile v. Osborne, 309 Ky. 427, 217 S.W.2d 980, it was held that failure to comply with the provisions of KRS 126.270(1–3) did not invalidate absentee ballots which were not handled and counted in the manner directed by the statute.

■ Even if it should be conceded, and we do not decide the question, that the official title of a notary public is not sufficiently stated unless that designation is followed by the name of the county and State where such notary is commissioned to act, we have no trouble in concluding that such an omission would not render the ballots void. The twenty-eight absentee ballots were properly counted.

Appellant relies upon Wurts v. Newsome, 253 Ky. 38, 68 S.W.2d 448, and many other cases to the same effect, holding that the statutory requirement as to a judge of the election signing the ballot, as directed by KRS 118.280 prior to 1952, was mandatory and that a ballot not so signed would not be counted. By analogy, it is insisted that KRS 126.210 is mandatory and a failure to comply with its provisions would vitiate the ballot. The statute involved in the cases cited expressly provided that "No ballot not so signed in the handwriting by one of the judges shall be counted by the canvassing board." KRS 118.280. In view of the express legislative direction, the construction applied to that statute was inescapable. No such direction appears in the statute which appellant claims was violated here.

The judgment is affirmed.