### BURCHELL v. SMITH.

Court of Appeals of Kentucky.

Oct. 20, 1953.

Rehearing Denied Dec. 18, 1953.

F. P. Stivers, Manchester, for appellant.

Roy W. House, Manchester, for appellee,

WADDILL, Commissioner.

At the last August Primary there were three Republican Candidates for the office of County Attorney of Clay County. The certified result reveals that appellant, T. T Burchell, received 1485 votes; that appellee, C. C. Smith, received 2623 votes, and that D. Y. Colson received 1140 votes. In this action Burchell contests the nomination of Smith. The court, in a well-considered opinion, upheld Smith's nomination and dismissed the complaint.

The grounds of contest are set forth in ten separate paragraphs. The first makes complaint as to the form of ballots used in the election and attempts to allege the ballot was not arranged as provided by KRS 119.-180. The second and third paragraphs complain of the activities of Baxter Bledsoe, the Chairman of the Republican Executive Committee, and of Bige Hensley, Chairman of the Democratic Executive Committee of Clay County. The fourth paragraph alleges that no voting booths, blinds or curtains were provided and that people were milling around and electioneering within less than fifty feet of the voting places and the precinct election officers were not sworn. The fifth paragraph complains as to the use of the comparative signature books made by the election officers in the various voting precincts. In the sixth paragraph it is alleged that persons named voted in four certain precincts who were not registered as Republicans. In the seventh paragraph appellant attempts to allege that appellee, Charles C. Smith, violated the Corrupt Practices Act, and the eighth paragraph also attempts to allege such violation and further avers inconsequential matters occurring both before and after the primary. In the ninth paragraph appellant complains of the absence from Clay County of the Democratic Election Commissioner after the primary election was over and requests the court to make all of the material of the election records a part of his complaint, such as the Comparative Signature Books, and all other data used in connection with the primary. In the tenth and last paragraph it is alleged that appellee had an advantage over appellant in that he was tied up with both factions, shared in all of the precinct workers and in a large campaign fund and that appellee made false promises to other candidates which he did not keep, and there are other allegations with respect to publishing the financial statement of the counties' affairs and other references to his action against the Election Commissioners to obtain access to the stub books.

The court, on appellee's motion, struck all of the averments in appellant's complaints and grounds for contest except those concerning the charge of violation of the Corrupt Practices Act, upon the ground that the complaint did not allege that the conduct complained of in the primary election affected the result of the election in the race for the republican nomination for County Attorney. We think the action of the court in this respect was correct. See

Brandenberg v. Hurst, 290 Ky. 592, 162 S. W.2d 223.

■ With reference to the charge of violation of the Corrupt Practices Act the court found no evidence that appellee had any knowledge of, or acquiesced in, or ratified in any manner, any acts, bribery, intimidations, fraud or corruption in this primary election. Our review of the evidence, most of which was immaterial and irrelevant, shows some minor irregularities on the part of the election officers, but which were not of such a nature that would invalidate the election.

■ It is a rule of practically universal application that an election will not be invalidated, or voters deprived of their right of suffrage, by mere irregularities which do not affect the fairness and equality of the election. As indicating the type of irregularities which will not invalidate an election or ballots cast therein, it has been held many times that an election conducted by officers not appointed or qualified in the manner directed by the statute will not be disturbed. Lamaster v. Wilkerson, 143 Ky. 226, 136 S. W. 217; Hughes v. Roberts, 142 Ky. 142, 134 S.W. 168; Collins v. Masden, 74 S.W. 720, 25 Ky.Law Rep. 81; Mullins v. McKeel, 109 Ky. 539, 59 S.W. 849; Trustees Common School Dist. No. 88 v. Garvey, 80 Ky. 159, 2 Ky.Law Rep. 383. In Schaffield v. Hebel, 301 Ky. 358, 192 S.W.2d 84, it was held that an election conducted by less than the required number of election officers was valid. In Bradley v. Chaffins, 309 Ky. 764, 218 S.W.2d 975, and in Stabile v. Osborne, 309 Ky. 427, 217 S.W.2d 980, it was held that failure to comply with the provisions of KRS 126.270(1–3) did not invalidate absentee ballots which were not handled and counted in the manner directed by the statutes.

Even if it should be conceded that the court erred in striking certain averments of the complaint charging irregularities in the conduct of the election, yet we would be constrained to hold that evidence which was introduced on the subject was insufficient to justify our declaring the election invalid.

Beauchamp v. Willis, 300 Ky. 630, 189 S.W. 2d 938; Holley v. Burke, 300 Ky. 571, 189 S.W.2d 862; Feld v. Prewitt, 274 Ky. 306, 118 S.W.2d 700.

We have reviewed the record and find that we are in accord with the Chancellor's findings of fact; and also we agree with his rulings of law.

The judgment is affirmed.