*Cates & Lindsey* for appellants : *B. & A. Monroe* for
appellee.

---

# Talbot *vs* Darnall.

### ERROR TO THE MONTGOMERY CIRCUIT.

### *Jurisdiction. Parties.*

JUDGE BRECK delivered the opinion of the Court.

The case stated.

WILLIAM T. DARNALL commenced this suit in chancery
in the Montgomery Circuit Court against Talbot and
Elias Darnall, seeking to recover from the former a large

sum, which he alledged had been exacted from him in usury.

· Process was served upon the defendant Elias Darnall in the county of Montgomery, and upon Talbot in the county of Bourbon.

Talbot plead to the jurisdiction of the Court, that he was a citizen and resident of the county of Bourbon, where process had been served upon him, and with his plea he also filed an answer. · .

The Court was of opinion that the complainant was entitled to recover from Talbot $629 28, and decreed accordingly, and Talbot has brought the case to this Court.

Whether the Circuit Court had jurisdiction to decree against Talbot, is the only question in the case, which we deem necessary to notice. Whether the plea of Talbot was technically drawn and relied upon, we need not enquire. It was filed with his answer and may, perhaps, properly be regarded as a part of it. It very clearly shows that he did not waive, but relied upon the question of jurisdiction, and upon that ground resisted any decree against him. As there was no waiver, therefore, of the question of jurisdiction by the defendant, Talbot, and as there was no decree against the other defendant, none sought against him by the complainant, and as his bill contains no allegation of facts, which makes him a necessary party, we perceive no ground, upon which the Circuit Court of Montgomery could take jurisdiction.

The allegation by the complainant that he borrowed money at a usurous rate of interest, from Talbot or his testator by his agent, the defendant Elias, and that he in the course of the transaction, signed with the complainant one or more notes to Talbot, entitled the complainant to no relief against him, nor did those facts render it necessary that he should be made a party, to enable the complainant to obtain relief against Talbot. The facts disclosed in the answer and deposition of the defendant, Elias, that the money was borrowed or a portion of it, upon his own note without the name of the complainant being upon it, and the releas or transfer, which after the commencement of this suit he executed to the complainant, of his claim, if any, upon the defendant Tal-

Decree of the Circuit Court.

Plea to the jurisdiction, answer filed together, the answer insisting upon the want of jurisdiction——— Held that the answer not waiving the question of jurisdiction, that the Court should decide it.

The residence of a necessary party to a suit in chancery in the jurisdiction where the suit is brought, will give jurisdiction to take cognizance of the case as to all the parties; the agent who borrowed money for his principal and became surety for the payment, is not a necessary party to a suit in chancery by the borrower against the lender, to recover back the usury paid.

bot for usury in the transaction, ought not in our opinion, in view of the allegations in complainant's bill, to have any influence upon the question of jurisdiction. And even if they had been alledged and relied upon by the complainant, it is questionable according to the case of *Maude* vs *Rodes,* (4 *Dana,* 144;) *Adams* vs *Arnold* (1 *J. J. Marshall,* 474,) and other cases, whether it would have varied the case so as to confer jurisdiction.

The decree is reversed and cause remanded, with directions to dismiss the complainant's bill without prejudice.

*Morehead & Reed, and Peters, and Hawes* for plaintiff; *Apperson* for defendant.