Broaddus v. Mason.

CASE 74—CONTEST OF ELECTION—APRIL 3.

## Broaddus v. Mason.

APPEAL FROM GARRARD CIRCUIT COURT.

95    421
98    602

95    421
100   328
100   333

95    421
109   545

95    421
112    33
112    49
112    64

1. SERVICE OF NOTICE OF ELECTION CONTEST.—In the absence of any provision in the election law prescribing the mode of serving notice of contest of election, it is to be presumed the Legislature intended it done according to section 625 of the Civil Code, which provides that if a person to whom a notice is directed can not be found at his usual place of abode, it may be served by leaving a copy "there" with a person over the age of sixteen years, residing in the same family with him. And under this statute it is not material whether the person who received the notice was at the time in touch of the place of abode of the person to whom the notice was directed, or two hundred yards away, if he was in other respects a proper person to leave the paper with, and undertook to deliver it to the person to whom it was directed, or put it within the abode where he could get it on his return. Moreover, as the person to whom the notice was directed in this case had left the county to avoid service of notice, he is not in a position to question the sufficiency of service, especially as he had, and availed himself of, full opportunity to make defense to the proceeding.

2. A CONTESTING ELECTION BOARD HAS POWER TO GO BEHIND RETURNS OF OFFICERS of election at each precinct, and adjudicate and determine who was legally elected and entitled to an office, and where the ballots have been destroyed, parol evidence is admissible for the purpose of determining who was in fact elected.

Broaddus v. Mason.

In this case the ballots were correctly counted, and number of votes to which each candidate was entitled was ascertained, but officers of the election simply made a mistake in casting up or adding the votes together after the ballots were counted, the mistake being shown by a tally paper explained and corroborated by testimony of officers of election. *Held*—That the contesting board had power to correct the mistake.

3. THE CANVASSING BOARD was not intended to perform any other than ministerial duties.

WM. HERNDON FOR APPELLANT.

1. There was not a sufficient service of the notice of contest. (Civil Code, sec. 625; Election Law, art. 8, sec. 5; Fleece v. Goodrum, 1 Duv., 306.)

2. The appellant did not enter his appearance and neither did, nor could do, any act to give the contesting board jurisdiction. (Batman v. Megman, 1 Met., 537.)

3. After the polls at a voting place have been closed, the ballots counted, the result certified and announced, and the ballots destroyed, there can not be a recount or any action by a contesting board to change that decisive result. (6 Am. and Eng. Ency. of Law, 335–6; *Idem*, 425; State v. Bate, 36 N. W. Rep., 17; Clark v. McKenzie, 7 Bush, 527.)

W. G. WELCH FOR APPELLEE.

1. A mistake in the returns of election officers may be corrected where proof of the mistake is clear and satisfactory. (Election Law of Ky., art. 8, secs. 4, 6 and 9; Leeman v. Hinton, 1 Duv., 40; McCrary on Elections, secs. 201, 202, 203, 197, 396, 468, 469, 473.)

2. Appellant waived notice by entering his appearance and making defense. (Election Law of Ky., art. 8, sec. 5; McCrary on Elections, sec. 395; Marshall v. Bynam, 1 Bibb, 341; Smith v. Robinson, 1 Mon., 15.)

3. Appellant was not only served with notice, as provided by law, but was doubly served.

The Code provision that in such case notice should be left at the house is only directory. (Sedgwick on Construction of Statutes, p. 322.)

In any event, appellant's contention that he was not served is entitled to small consideration in view of the fact that he fled the county to avoid service. (Willis v. Vallette, 4 Mon., 190.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is whether appellant, W. E. Broaddus, or appellee, W. B. Mason, is entitled to office of Circuit Court Clerk of Garrard County, for which they

were opposing candidates at the general election held November 8, 1892.

The only complaint made by either party is of an alleged mistake in the return of officers of election at precinct No. 4, showing 146 votes for Broaddus and 136 for Mason. But the canvassing board accepting that return as true, examining it in connection with others, found Broaddus had received highest number of all votes for that office in the county, and accordingly gave him a certificate of election.

The contesting board, however, found upon evidence heard that Broaddus actually received at precinct No. 4 only 128 and Mason only 127 votes, which being added to votes received by them respectively at other precincts, made a majority of 4 in favor of the latter, who was then adjudged entitled to the office in question. And upon appeal to the Garrard Circuit Court the same fact was found and same judgment rendered.

Officers of election at precinct 4 concur in their testimony a mistake was made in their return, and show, from the tally paper kept while the votes were counted and cast up, plainly how it occurred.

It appears that at close of voting on that day the ballots were all taken from the box and, for purpose of counting, placed in three separate lots on floor of the room where the election had been held. In one lot were put all ballots showing the straight Democratic ticket had been voted; in another, all ballots showing straight Republican ticket had been voted, and in the third, all ballots showing one or other ticket had been scratched, that is, one or more candidates had been omitted by the several voters.

Upon counting the first two mentioned lots of ballots, it was ascertained that each candidate whose name was on the Democratic ticket, including Mason, had received 124 votes, and it was so put on the tally paper; and each one whose name was on the Republican ticket, including Broaddus, had received 127 votes, and it was likewise so indicated on the tally paper.

Upon counting the third lot of ballots, it was found that candidates for office of presidential elector on the Democratic ticket, whose names were put at head of the ballots, had received 9 votes, which were added to 124 already counted, making 133 aggregate number of votes received by them at that precinct, while candidates for the same office on the Republican ticket had received 18 votes, which were added to 127 already counted, making 145 aggregate number of votes received by them. But of. the whole number of that class of ballots, Mason received only 3 votes, which, added to 124 already counted for him, as should have been done, makes the actual number he received at that precinct 127, while Broaddus received only 1 vote, which, added to 127 already counted for him, as should have been done, makes the actual number he received there 128 votes.

But the officers of election, though correctly counting ballots given to each candidate, erroneously added 3 votes, found among the scratched ballots for Mason, to 133 aggregate of votes given to candidates on Democratic ticket for the office of elector, instead of adding to 124, actual and whole number already counted for him. And in the same way they added 1 vote, found among scratched ballots for Broaddus, to 145 aggregate of votes given to candidates on the Republican ticket for office of elector,.

Broaddus v. Mason.

instead of adding to 127, actual and whole number already counted for him.

It thus appearing a mistake was made in the return of said officers of election, correction of which gives Mason title to the office, we will now consider whether there were such errors of law, by either contesting board or circuit court, as authorize a reversal.

1. Was proper notice of contest given in due time? The statute regulating elections requires the notice to be in writing, signed by contestant, stating his grounds of contest, and for an office like the one in question, given within ten days after final action of the board of canvassers, which, manifestly, is the act of issuing certificate of election to that candidate having, according to the returns, highest number of votes for a given office. But it does not prescribe the mode of serving such notice, and consequently the Legislature must have intended it done according to section 625 Civil Code, which provides that if a person to whom a notice is directed can not be found at his usual place of abode, it may be served by leaving a copy *there* with a person over the age of sixteen years, residing in the same family with him.

Return of the sheriff shows appellant could not be found at his usual place of abode, and that there was a literal compliance, in due time, with the provision of the Code in such case. But both the contesting board and circuit court overruled a motion to permit correction of the return so as to conform to facts proved, and their action is now made ground for reversal. We think, however, the law was substantially complied with, even if the notice was served in the manner shown by evidence of witnesses. It appears the officer did, in fact, leave a

copy of the notice with a person over sixteen years of age, residing in the same family with appellant, who was absent from the county continuously from the second day after receiving his certificate of election until after expiration of the period within which the notice could be served. And though the person who received the notice was at the time from fifty to two hundred yards distant from appellant's place of abode, testimony on the subject varying, it should be regarded as having been, in meaning of the Civil Code, left *there* with a proper person. For it is not material whether the person was, at the time, within touch of the place or two hundred yards away, if he was in other respects a proper person to leave the paper with and undertook to either deliver it or put it within the abode where appellant could get it on his return. It appears he did, in compliance with his promise to the sheriff, immediately put the copy at a place in the dwelling-house where it was reasonably certain appellant would get it, and where he did find it when he returned. Moreover, appellant knew appellee would contest his right to the office, and the evidence tends to show he left the county to avoid service of the notice; consequently, he is not in a position to call in question sufficiency of service of notice, especially as he had, and availed himself of, full opportunity to make defense to the proceeding.

2. The proposition of appellant's counsel, on question of jurisdiction, seems to be that after ballots have been counted and destroyed, as the statute requires, and certified return by officers of election made and duly filed with the canvassing board, there can be no recount or other action taken by the contesting board, whereby to

change the declared result. Clearly, the canvassing board was not intended to perform any other than ministerial duties, for the statute restricts its power to examining or canvassing returns of an election, and giving a certificate of election to each candidate who has received *prima facie* highest number of votes for an office exclusively within gift of voters of a county, or giving certificate of number of votes received in the county by each candidate for an office not within exclusive gift of such county. So if that proposition be true, return of officers of election would have to be treated as conclusive in every case, and there could be no judicial inquiry as to their conduct, although the law may have been violated, and will of the people defeated by mistake or fraud on their part.

The statute, in express terms, provides for a board, composed of judge of the county and two justices of the peace, for determining the contested election of any officer elected by the voters of the county, or of any justice's district therein, etc., and gives it jurisdiction, "when another than the person returned shall be found to have received the highest number of legal votes given," to adjudge such other person to be elected and entitled to the office. And with that end in view, the contesting board is empowered to send for persons, papers and records, to issue attachments therefor, signed by its chairman, swear witnesses, and issue commissions for taking proof.

It seems to us, if the contesting board, created for such purposes, invested with such powers, has no power to go behind returns of officers of election at each precinct, and adjudicate and determine who was legally elected and entitled to an office like the one in question, it is impossible to see what was the purpose of creating it.

Broaddus v. Mason.

It may be difficult, on account of ballots being destroyed, in many cases to determine whether officers of election have miscounted them and thereby made a false return, yet it is well settled that in order to ascertain the fact not who was returned elected, but who was in fact elected, parol evidence is admissible. (McCrary on Elections, section 468.) But we need not consider what would be sufficient evidence in such case to authorize a judicial tribunal to set aside a return of officers of election, for this is not a case involving question of miscount of the ballots by officers of election, there being no controversy on that subject. The ballots were, so far as this record shows, correctly counted, and number of votes to which each candidate was entitled ascertained, but officers of the election simply made a mistake in casting up or adding the votes together after being counted; and to establish that fact recounting the ballots is not necessary, the fact being satisfactorily proved, indeed demonstrated, by the tally paper, explained and corroborated by testimony of officers of election.

Judgment affirmed.