## Edge v. Allen.

(Decided October 20, 1915.)

### Appeal from Fayette Circuit Court.

1. Elections—Primary Elections—Contest—Notice.—Sub-section 28 of section 1550 of Carroll's Statutes (1915), which provides that a candidate who wishes to contest the nomination of another candidate who was voted for at a primary election, must give written notice to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners award the certificate of nomination to the contestee, is jurisdictional, and a failure to give the notice within five days after the certificate of nomination was awarded, authorized a dismissal of the contest for want of jurisdiction.

2. Elections—Primary Elections—Contest—Notice.—Under sub-section 28 of section 1550 of Carroll's Statutes (1915), the notice to contest the nomination of a candidate voted for at a primary election may be served as a summons is served, or, if that cannot be done within the five days by reason of the contestee concealing himself, or absenting himself, or by obstructing the service of summons in any other way, it may be served at any time within five days as a notice is required to be served by section 625 of the Civil Code of Practice.

S. JEWELL RICE for appellant.

HENRY T. DUNCAN, SAM M. WILSON and J. R. BUSH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.—
Affirming.

The appellant J. A. Edge, and the appellee John R. Allen, were candidates for the Democratic nomination for the office of Commonwealth's Attorney of the 22nd Judicial District (Fayette County), at the primary election held on August 7th, 1915.

The Board of Election Commissioners canvassed the election returns, and, having certified that Allen had received 2,898 votes, and that Edge had received 1,468 votes, it awarded its certificate of nomination to Allen, on August 10th.

On Saturday, August 14th, Edge placed a notice of contest in the hands of the sheriff, but gave no instructions as to how it should be served. Early in the following week the sheriff advised Edge that Allen was absent from Fayette County, and asked for instructions concerning the service of the notice. Edge directed him to wait for further instructions. On Thursday, August 19th, Edge directed the sheriff to post a copy of the notice on the front door of Allen's residence, which was done, and the sheriff made his return upon the notice, accordingly.

At the trial held on August 23rd, counsel for contestee filed a special demurrer to the jurisdiction of the court, and at the same time entered a motion to dismiss the contest, admitting the return on the notice to be good in form, but claiming it was served too late under the statute to give the court jurisdiction of the contest. The chancellor dismissed the contest, and Edge appeals.

Section 28 of the primary election law of 1912 (Carroll's Statutes, 1915, sec. 1550, sub-sec. 28), provides that any candidate wishing to contest the nomination of another candidate who was voted for at any primary election held under the act, must give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested.

The statute further provides that the notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place he is required to answer the contest, &c.

It will be remembered that the certificate of nomination was awarded to Allen on August 10th, and that the notice of contest was served by tacking a copy thereof

upon the front door of Allen's residence on August 19th, nine days after the certificate had been awarded.

It is claimed by counsel for contestant, that inasmuch as the contest was instituted within the prescribed five days, by placing the notice in the sheriff's hands, that was the limit of his capacity and opportunity to perfect the contest; and, a failure on the part of the sheriff to post the notice on Allen's door within five days, ought not to prejudice his right of contest.

This statute has been construed by this court upon more than one occasion, and its meaning is not in doubt.

In Price v. Russell, 154 Ky., 824, the primary election had been held on August 2nd, 1913, and the certificate of nomination awarded to Russell on August 5th. On August 9th, notice of contest was placed in the hands of the sheriff, but was not served until Monday, August 11th, six days after the certificate of nomination had been awarded to Russell. At the same time this court heard the appeal of Coleman v. Morgan, which arose out of the contest for the nomination for sheriff, at the same election. The certificate of nomination had been awarded to Morgan on August 11th, and the notice of contest had been placed in the hands of the sheriff for service on August 15th, which was within the five days, but it was not served until August 16th.

It will thus be observed that in Price v. Russell, the notice of contest was served two days after the expiration of the five days, and in Coleman v. Morgan, it was served one day after the expiration of the five days.

In deciding that the contests in those cases must fail for the reason that the notice had not been served upon either contestee within five days after the awarding of the certificate of nomination, this court said:

"It is also insisted that the contestant should not be prejudiced by the failure of the sheriff to execute the notice on the day he received it; that when he prepared his notice and gave it to the sheriff to execute, he had done all he could do. It is pointed out that when a petition is filed, and summons issued in good faith, an action is begun, and that the failure of the sheriff to serve the summons promptly does not affect the plaintiff. But the right to contest a primary election comes entirely from the statute, and the legislature in conferring the right could confer it upon such terms as it saw fit. It has seen fit to make the service of notice in five days, a con-

dition precedent to a contest; for notice in writing of the contest is not given to the person whose nomination is contested until the notice is served on him. The statute is unambiguous. The giving of the notice in writing to the person whose nomination is contested within five days is a condition precedent to the right of contest. If the notice is not given the right fails. The legislature might have provided for the filing of a petition in five days, and the service of a summons issuing on it, but it did not do so, and we are powerless to add to the words of the statute. (15 Cyc., 402.)''

Later, in McKay v. Grundy, 155 Ky., 115, it was held that although the statute, *supra,* provided that the notice should be served in the same manner as a summons from the circuit court, it could be served in the manner provided by section 625 of the Civil Code, by delivering a copy thereof to some person over sixteen years of age residing in the family, or by affixing a copy thereof to the front door of the contestee's residence, in case the contestee was fraudulently secreting himself so that a summons could not be served upon him. And, the same rule applies where the contestee remains beyond the jurisdiction of the court, as here, for a good reason. But, in any state of case, the notice must be served, in some way, within the five days prescribed by the statute.

It is proper to say that there is no question made in this case of any attempt upon the part of the contestee to secrete himself, or to prevent the service of the notice upon him, since his absence from Lexington had been prolonged and necessary from ill health.

The proof shows without contradiction or question, that the contestee had been stricken with a severe and prolonged attack of typhoid fever in the Autumn of 1914, and, that upon the adjournment of court in the last week of June, 1915, being still weak and unfit for work, he had, by the express orders of his physician, gone to White Sulphur Springs, W. Va., to recuperate. At the trial of this case in August he was still at White Sulphur Springs, unwell and unfit for work, although he was recuperating slowly. His absence from Lexington, and the cause of it, were generally known, and regretted.

But, under the authorities above quoted, the service of the notice, in some way, either by delivering a copy thereof to the contestee, or by posting a copy of the notice

upon his residence, as required by section 625 of the Code, was jurisdictional; and, as it was not served, in this case, until four days after that period had expired, the circuit court properly dismissed the contest.

Judgment affirmed.