## Brumleve v. Cronan.

(Decided October 5, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Elections—Contest—Service of Notice by Special Bailiff.—The appointment of a special bailiff, under section 668, Civil Code, to serve a notice of contest of a nomination was not authorized, where the grounds for the appointment were an affidavit of the plaintiff, which showed no reason why the notice could and would not be served by the jailer or his deputy, or any of the constables in the county.

2. Elections—Contest—Service of Notice.—A notice of the purpose to contest the nomination of one as a candidate for an office must be served as a summons from the circuit court is required to be served, unless by reason of the contestee concealing or absenting himself, or in some other way obstructs the service of the notice, when it may be served as a notice is required to be served by sections 624 and 625, of the Civil Code, but the service must be within five days from the granting of the certificate of nomination.

3. Appearance—Proceedings Constituting Appearance—Jurisdiction—Waiver.—Where a defendant appears for the sole purpose of objecting to the jurisdiction of the court over his person, and does no act from which it may be implied that he waived his objection to the jurisdiction, he does not thereby make a general appearance to the action.

4. Appearance—Objection to Jurisdiction—Waiver—Pleading.—Where the pleading of the plaintiff does not disclose the want of jurisdiction of the court over the person of a defendant, and he in the first instance, makes objection to the jurisdiction by a proper pleading, he may then plead to the merits of the action without waiving his objection to the jurisdiction, unless he, by some act, shows his purpose to abandon his objection and submit himself to the court's jurisdiction.

JAMES P. GREGORY and DAVIS W. EDWARDS for appellant.

MERIT O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Ben J. Brumleve, and the appellee, Charles J. Cronan, were candidates for the nomination of the Democratic party, at the primary election held on the 4th day of August, 1917, for mayor of the city of Louisville. The contest resulted, as it was certified by the precinct officers and the board of election commissioners, in the nomination of Cronan. Brumleve received, according to the certification, five thousand one hundred and nineteen votes and Cronan received ten thousand eight hundred and fifty votes. The certificate of nomination was issued by the board of election commissioners, as claimed by counsel for Brumleve, on the 11th day of August following the election, and as claimed by counsel for Cronan, on the 14th day of August, following the election. On the 15th day of August, thereafter, Brumleve made out a notice to Cronan for the purpose of contesting his nomination, setting forth therein certain grounds of contest, and went before one of the judges of the circuit court and produced to him an affidavit, which was in words and figures as follows:

"Jefferson Circuit Court.

"Ben J. Brumleve,   -   -   -   Plaintiff and Contestant

v.

"Charles J. Cronan,   -   -   -   Defendant and Contestee

"The affiant, Ben J. Brumleve, states that he is the plaintiff and contestant in the above styled proceedings. He states that the defendant and contestee, Charles J. Cronan, is the sheriff of Jefferson county and neither he nor any of his deputies can properly serve the notice herein; he states that Ellis Duncan is the coroner of Jefferson county, and that William T. Kammerer is the

only deputy coroner of Jefferson county; he states that he has endeavored to locate Ellis Duncan and Wm. T. Kammerer for the purpose of having either one of them serve this notice, but that he has been unable to find them or to procure them to serve the notice herein; he states that good cause exists for the court appointing some other qualified person to serve this notice in this proceeding.                    BEN J. BRUMLEVE.

"Subscribed and sworn to before me by Ben J. Brumleve on this 15th day of August, 1917. My commission expires on the 20th day of Jan., 1918.

"DAVIS W. EDWARDS,
"Notary Public Jefferson County, Ky."

The appellant filed a motion in writing before the judge, based upon the affidavit, to appoint a suitable man to serve the notice of the contest upon the appellee. The judge, by an order entered upon the order book of his court, and, also, by a memorandum upon the notice, signed by the judge, appointed J. W. Spanyer to serve the summons in the proposed proceeding. The return made by Spanyer upon the notice shows that he received it for service at 3:40 o'clock p. m., on August 15th, and executed it by delivering a copy of the notice to appellee at four o'clock p. m. upon the same day, or twenty minutes after he had received it for execution. The notice gave warning to the appellee of the intention of the appellant to contest the nomination of appellee on August 21st, at or about the hour of ten o'clock a. m., in the circuit court, before such one of the judges of that court as might be selected, in the manner provided by law, to hear the contest, and at the court room in which such judge regularly presides. The notice was delivered to the clerk of the circuit court, who placed the proceeding upon the docket and one of the judges of that court, other than the one who made the appointment of Spanyer, was selected to hear the action. On the 21st day of August the appellee appeared in court and filed three separate written motions and, also, a special demurrer, in the order hereinafter indicated, and for the following purposes. By the first motion the appellee asked the court to set aside the order appointing Spanyer to execute the notice of contest. By the second motion the court was asked to quash the return upon the notice and the notice. By the third motion the court was asked to dismiss the contest upon the face of the papers. The

special demurrer raised a question as to the jurisdiction of the court, both as to the subject matter of the action and the person of the appellee. The appellee also filed the affidavit of Wm. T. Kammerer, deputy coroner, Pat Donohue, deputy jailer, Phil T. German, Edward Barrett, Geo. O. Hendricks, constables, and J. R. Wright, a deputy constable. By these affidavits it was shown that the deputy coroner was in his office in the Jefferson county court house the entire day of the 15th of August, except for a few minutes at about 3:30 o'clock p. m., and, during the interval of his absence, he was in communication with his office by telephone, and application was not made to him to serve the notice; that the jailer and his deputy were in their office during the day of the 15th of August, and application was not made to either of them to serve the notice; that the above named constables were accessible to any one desiring their services during the day of the 15th of August, and all had offices in the city of Louisville, and application was not made to either of them to serve the notice. All of the affiants state that they were not interested in the proposed contest, and would have served the notice, if requested.

It seems that the action was submitted upon the above mentioned motions and demurrer and continued by the court until the following day, at which time it rendered an opinion, by which the motions in the order above named were sustained and the proceeding ordered to be dismissed. No disposition seems to have been made of the special demurrer. Before the entry of the order, however, sustaining the motions and dismissing the action had been made, the appellant moved the court to compel the appellee to forthwith controvert the grounds of contest set out in the notice of appellant and to set up grounds of counter-contest, if he desired to do so. This motion was overruled. The appellant moved the court for a judgment upon the face of the papers, declaring that he was the nominee of the Democratic party for mayor of Louisville, instead of appellee. This motion was, also, overruled. Appellant then tendered another affidavit of J. W. Spanyer, which was styled an amendment to the return on the notice, and which stated that he was a white male person over the age of twenty-one years and not interested in the proceeding, and moved the court to permit it to be filed as an amendment to the return. The affidavit made by Spanyer upon the notice merely stated the manner of executing the notice and the

time when it was done. The court overruled the motion to permit the amendment to the return to be filed. To the judgment of the court upon the three last named motions the appellant did not except. He, however, saved an exception to the judgment of the court upon the three motions filed by appellee on August 21st, and prayed an appeal therefrom, which was granted.

To be authorized to hear and determine the matter presented for controversy in the notice of contest, in this action, the court must have had jurisdiction of the subject matter of the action, and, also, jurisdiction of the person of the contestee or the appellee. Before the court could exercise its jurisdiction upon the subject matter of the action, it must necessarily have had jurisdiction of the person of the contestee. Jurisdiction of the person of contestee could be obtained in two ways. The one by the service upon him of the process required by law, in the manner and at the time, and by the persons designated by the law for that purpose; the other, by his voluntary appearance to the action and submission of himself to the court's jurisdiction. These doctrines are elementary. The court had jurisdiction of the subject matter of the action, because the statute expressly bestows such jurisdiction upon it. Kentucky Statutes, section 1550, sub-section 28. To acquire jurisdiction of the person of a contestee in such an action by means of process, it is likewise elementary to say that such process must be served as the statute provides shall be served, and must be served in the manner and at the time and by the persons or person as required by the statute, which regulates the subject. The right to hold a primary election for the nomination of candidates for office, the right of such nominee to have his name appear on the ballot under the device and as the candidate of his party, the right of an opposing candidate to the one declared to be successful, by the boards of election commissioners empowered to compare the returns of the primary election and to grant certificates of nomination to contest such nomination, are all creatures of the statute enacted by the legislature upon that subject. The right of a candidate to contest the right to the nomination of another as a candidate for an office is not an inherent right, but is a right given by the legislative authority, and the authority which created the right has the right and power to prescribe the terms upon which the privilege to contest the nomination may be enjoyed. However just, the

cause of a litigant may be, in the procedure to enforce his rights, he must conform to the requirements provided by the law or else he must fail in his endeavors. For instance, if one should seek a personal judgment against his debtor, and in the place of the service of a summons upon him required by the statute, he should warn him of his intended action by a notice executed upon him as provided by the Civil Code for the service of a notice provided for by the Code, no one would contend that the service of such notice would bring the person of the debtor within the jurisdiction of the court. The procedure, in actions and proceedings, are regulated by law to prevent confusion, and to insure the protection of the rights of all, and if a right is sought to be enforced, the one proceeded against may stand upon the requirements of the law and refuse to submit himself to the jurisdiction of the courts in the matter, until proceeded against in the manner provided by law. In an action to contest a nomination of a candidate for an office, the notice of the purpose to contest eventually takes the place of and serves as the petition in an ordinary action, but the statute provides explicitly, however, when and by whom it shall be served in order to bring the person of the contestee within the jurisdiction of the court. Section 1550, sub-section 28, Kentucky Statutes, which regulates the contest of the nomination of candidates at primary elections is as follows:

"Any candidate wishing to contest the nomination of any other candidate who was voted for at any primary election held under this act shall give notice in writing to the person whose nomination he intends to contest, stating the grounds of such contest, within five days from the time the election commissioners shall have awarded the certificate of nomination to such candidate whose nomination is contested. Said notice shall be served in the same manner as a summons from the circuit court, and shall warn the contestee of the time and place, when and where the contestee shall be required to answer and defend such contest, which shall not be less than three nor more than ten days after the service thereof. Such contest shall be tried by the judge of the circuit court of the county in which the contestee resides or is served. Upon return of said notice properly executed, as herein provided, to the office of the circuit clerk of the county in which said contestee resides or is served with such notice of contest, it shall be the duty

of the clerk of the circuit court to immediately docket said cause and to immediately notify the presiding judge of the circuit court of said county that such contest has been instituted. . . .''

The remainder of the section prescribes the details as to the time and manner in which the action shall be conducted and determined. It will be observed that jurisdiction of the person of the contestee is created by the service of the notice upon him within five days from the time the certificate of nomination has been awarded to him, and in the manner a summons from the circuit court is served, and only "upon return of said notice properly executed, as herein provided," to the clerk of the circuit court is the clerk authorized to docket the action or notify the judge of the institution of the contest. Until these provisions have been complied with the jurisdiction of the court of the person of the contestee does not attach. It was held in Edge v. Allen, 166 Ky. 291, and other cases that "jurisdiction of the court did not attach to the person of the contestee unless the notice was served within five days from the granting of the certificate of nomination," and the requirement as to the time within which the notice shall be served is no more potent for the purpose of conferring jurisdiction than the manner required by the statutes for the service of the notice. The statutes, which prescribe the person who, and the manner in which a summons for the circuit court shall be served, are as follows:

Section 47, Civil Code, provides:

"The summons may be served: 1. By the officer to whom it is directed, or any officer to whom it might have been directed, and his return thereon shall be proof of the time and manner of service. 2. By any person appointed by the officer to whom it is directed, by an endorsement on the summons; and the affidavit of such person endorsed thereon shall be proof of the time and manner of service."

Section 48, Civil Code, provides:

"Unless otherwise provided, the summons shall be served by delivering, or if acceptance be refused, by offering to deliver a copy of it to the person to be summoned."

Section 667, Civil Code, provides:

"1. Every process in an action or proceeding shall be directed to the sheriff of the county; or, if he be a party or be interested, to the coroner; or, if he be interested,

to the jailer; or, if all these officers be interested, to any constable. 2. The summons or an order for a provisional remedy in an action or proceeding may at the request of the party in whose behalf it is issued, be directed to any of the officers named in the first sub-section, who is not a party to nor interested in the action.''

Section 668, Civil Code, provides as follows:

''The court, for good cause, may appoint a person to serve a particular process or order, and he shall have the same power to execute it which a sheriff has. His return must be verified by his affidavit. . . .''

Section 1597, Kentucky Statutes, provides for the appointment of an elisor, who may serve process when the office of sheriff is vacant, and section 4562, Kentucky Statutes, in substance, contains the same provisions as sub-section 2, section 47, of the Civil Code, *supra*.

It will be observed, that in the absence of an elisor, who has been appointed, when a vacancy in the office of sheriff exists, or where the officer to whom a summons has been directed has not appointed a person to serve the summons by an endorsement upon it, there is no authority vested in anyone to serve a summons from the circuit court, except one of the officers mentioned in section 667, Civil Code, *supra*, except in the state of case provided for by section 668, Civil Code, *supra*. Hence, unless the court then had jurisdiction of the matter, and was authorized, by the state of case presented, to appoint Spanyer to execute the notice, the service by Spanyer was without authority of law and did not bring the person of appellee within the jurisdiction of the court. Section 668, *supra*, authorizes the court for good cause to appoint a person to serve a summons, but a reference to it makes it apparent, that it was not contemplated that it should invest the court with authority to appoint a person to serve a summons in an action or proceeding, which was not then pending in the court, but was only intended to be instituted, or that in any case the officers of the law should be superseded and their duties performed by another without good cause for the action of the court. Passing over the question, as to whether or not the court, at the stage of the proceedings, at which the appointment was made, in the instant case, had authority to do so, and without determining whether a conclusive presumption would be indulged, in favor of the court having good cause for the appointment, in the absence of any showing as to what the cause was, which the court

acted upon, in the instant case, the record shows the cause, and it must be presumed that such was the only cause. The affidavit of the appellant·develops the fact that the appellee was the then sheriff of the county, which was good cause why he should not serve the notice. It, also, states that the coroner nor his deputy could be found. This was good cause, though, if the deputy coroner is correct in his statements as to his whereabouts at the time, it does not seem that any particular energy was exercised in trying to locate him. Either the jailer or his deputy or any one of the various constables, whose affidavits are on file, was authorized to serve the notice, if entrusted with it, and as a matter of fact could have been required by the appellant to have executed the notice, and there is no intimation in the record of the grounds for the appointment of Spanyer, that either of these persons were interested in the matter or would have failed to perform their duties, or that any effort was made to secure their services. In this state of the record, it is apparent that no good cause existed for the appointment of the special bailiff, and the court was without authority to do so. The case of Lillard v. Brannin & Brand, 91 Ky. 511, relied upon by appellant, does not militate against the view here expressed, as in that case, the question of whether good cause existed for the appointment of the special bailiff was not raised, but in the discussion of the questions, in that case, the court said that the special bailiff authorized by section 668, *supra,* could be appointed when it was shown that the regular officers could not serve the process, or for some other good cause. The appointment in that case was held improper, because the person appointed was not a resident of the county wherein the summons was served, and his service of the summons did not give the court jurisdiction.

Neither was it necessary for the appellee to make objection to the jurisdiction of the court of his person, on account of the insufficiency of the service of the notice, by an answer, and his failure to file an answer and point out the objection did not waive his objection to the jurisdiction. Section 92, of the Civil Code, provides that a special demurrer should be relied upon when a pleading shows a want of jurisdiction of the court of either the subject matter of the action or of the person of the defendant; or that the plaintiff has not legal capacity to sue; or that another action is pending in this state between the same parties for the same cause; or that there

is a defect of parties to the action; and if a special demurrer is not relied upon, that all such objections shown by the pleadings to exist are waived, except the want of jurisdiction of the court of the subject matter of the action. Section 118, of the Civil Code, then provides that if any of the objections mentioned in section 92, *supra*, are not shown by the pleadings of the adversary, the defendant may make the objection by answer or other proper pleading, and if he fails to do so, he waives any of the objections mentioned, except that to the jurisdiction of the court of the subject of the action. Hence, the objection to the jurisdiction of the court of the person of a defendant may be shown by any proper pleading, and his failure to make the objection by an answer does not waive it, if he shows it by any other proper pleading, when the pleading of his adversary fails to disclose the want of jurisdiction. In the instant case, the notice takes the place of a petition in an ordinary action, and constituted the pleading of appellant, but the return upon the notice of its execution takes the place of the return upon the summons in an ordinary action, and was not to be considered a part of the pleading any more than the summons and return thereon in an ordinary action, where a petition is required, could be considered a part of the pleading. Pleadings are the statements, which set out the causes of action and grounds of defense, and make the issues in the action, which is to be tried. The contents of the notice did not show any want of jurisdiction in the court. Hence, although the affidavit of appellant filed for the purpose of securing the appointment of a special bailiff to serve the notice, together with the return, showed the want of jurisdiction of the court of the person of appellee, neither of them were pleadings in the action. A motion to quash the return is the usual manner of procedure to raise the question of jurisdiction because of defective or unauthorized service of a summons. In Gainesboro Telephone Co. v. Buckner, 160 Ky. 608, this court held:

"Jurisdiction of the person, unlike that of the subject matter, may be waived. If the want of jurisdiction as to either is shown on the face of the petition or other pleading, the objection that the court is without jurisdiction may be made by filing a special demurrer to the pleading; but, if the want of jurisdiction is not thus shown, the filing of the special demurrer will not raise the question; it must in such case be presented by the

answer of the objecting defendant, in the nature of a plea in abatement, or by motion to quash the summons and return.''

It is insisted that the service of the notice, as a notice is authorized to be served, by sections 624 and 625, Civil Code, was had, and that such was a sufficient service of the notice to give the court jurisdiction of the appellee, and that the cases of McKay v. Grundy, 155 Ky. 115, and Edge v. Allen, 166 Ky. 291, sustain such contention. This view, however, cannot be upheld, as the court held in the former case, that the notice might be served as a summons, but if it could not be served in that manner within five days after the certificate was issued, by reason of the contestee absenting himself or concealing himself, or by obstructing the service in any other way, it could then be served within the five days as a notice is directed to be served by the provisions of the Civil Code, *supra.* The doctrine upon which this view was entertained was, that a litigant should not be allowed, in any instance, to profit by his own wrong. The doctrine of the case of McKay v. Grundy, *supra,* was approved in the later case of Edge v. Allen, *supra,* but in neither of the cases was it decided that the notice could, in any state of case, be served by a person other than is provided by law for the service of a summons by sections 667 and 668, Civil Code, *supra,* as the question was not raised in either of those cases. In the instant case, there is no intimation that the appellee was concealing or absenting himself or in any other way obstructing or evading the service of the notice, or that any one of the officers designated by the statute for serving a summons could or would not have executed the notice, and hence a state of case did not exist in which a service of the notice as provided by sections 624 and 625, Civil Code, *supra,* was authorized. Hence, we conclude that the court was not in error in setting aside the order appointing the special bailiff and quashing the return made upon the notice and dismissing the proceeding, as it then appeared that the notice had not been served within five days of the issual of the certificate.

It is earnestly insisted, that, although the service of notice should not be sufficient to bring the person of appellee within the jurisdiction of the court, his motion to dismiss the action upon the face of the papers, and his special demurrer to the jurisdiction of the court as to the subject of the action, as well as of his person, without

special reservation as to the nature of his appearance, waived any objections which he might have urged to the jurisdiction of his person, and entered his appearance for all the purposes of the action, and hence the court was in error in adjudging that the proceeding be dismissed. An appearance to an action is the first thing that a defendant does in court, and the appearances are of two kinds and are defined as special and general. The special is one, where the defendant appears for the purpose of testing the sufficiency of the summons to give the court jurisdiction of his person, and the general appearance is where the defendant by some act of his. is considered to submit his person to the jurisdiction of the court. Where the court has jurisdiction of the subject matter of the action, a general appearance by the defendant waives all defects in the process or in the service of the process, or even the service of process at all. Guenther v. American Steel Hoop Co., 116 Ky. 580; Broadus v. Mason, 95 Ky. 421; Sidwell v. Worthington, 8 Dana 74; Reading v. Ford, 1 Bibb 338; Chambers v. Handley, 3 J. J. M. 98; Whorton v. Clay, 4 Bibb 167; Baker v. Kinnard, 94 Ky. 5; Triplett v. Gillen, 6 J. J. M. 564; Freeman v. Oldham, 4 Mon. 419. A special appearance made for the purpose of objecting to the jurisdiction of the court over the person on account of defective process or defective service of the process does not have the effect of giving the court jurisdiction over the person. Barbour v. Newkirk, &c., 83 Ky. 529; Maude v. Rodes, 4 Dana 144. Although it has sometimes been held that it is necessary for one who makes a special appearance, if he would prevent his appearance from being considered a general one, that he should expressly state that his appearance is solely for the purpose of objecting to the jurisdiction, but the better rule seems to be, that in courts of record, the nature of the act of the defendant should determine whether the appearance is special or general. 2 R. C. L. 322. If the motions and pleadings of the defendant relate alone to the testing of the jurisdiction of the court over him, his appearance can only be considered to be special and not general. In 2 R. C. L. 327, a general appearance is defined as follows:

"A general appearance must be express or arise by implication from the defendant seeking, taking or agreeing to some step or procedure in the cause beneficial to

himself or detrimental to the plaintiff, other than one contesting the jurisdiction only.''

It is apparent from the nature of the steps taken by appellee that he had no intention, by his appearance, of doing anything further than to contest the jurisdiction of the court, and had no intention or purpose to submit himself to its jurisdiction. Although there is a superfluity of motions and pleadings filed, it is impossible to find anything in them from which it could be implied that the contestee was seeking, taking or agreeing to anything in the cause ''beneficial to himself and detrimental'' to the contestant, ''other than one contesting the jurisdiction only.'' The first and second motions made by contestee were purely of a character to test the jurisdiction of the court of his person, and were based upon the affidavits filed and the affidavit of the contestant. The third motion was to dismiss the contest upon the face of the papers. A motion of this character, while in some instances, it may have the elements of a general demurrer, only calls in question the sufficiency of the statements in the papers of a case, other than the pleadings, and performs a duty for which a demurrer will not lie. It cannot do the office of a demurrer, because it does not call in question the sufficiency of the averments in a petition to constitute a cause of action nor the sufficiency of the grounds of defense in an answer. Hence, in this case, it was not a defense upon the merits of the case, but was superfluously made in aid of the motion to quash the notice and the return thereon, and was based solely upon the contention that the court had not acquired jurisdiction of the contestee, as appearing from the affidavit of the contestant, the order appointing the special bailiff and the return upon the notice.

It is insisted that the filing of the special demurrer to the jurisdiction of the court of the subject matter of the action, as well as of the person of the contestee, amounted to the general appearance of the contestee for all the purposes of the action, or, in other words, that from his act in calling in question the jurisdiction of the court of the subject matter of the action, it must be conclusively implied, that he thereby intended to abandon his objection to the court's jurisdiction, as set out in his motions and in the special demurrer and to waive same and to submit himself to a jurisdiction to which he was at the same time objecting and opposing with all legal means. There can be no doubt from authority and upon

reason, that the filing of a general demurrer without having first taken any steps to question the jurisdiction of the court is a general appearance to the action. Fleming v. Auditor, etc., 22 R. 499; National Building & Loan Association v. Gallagher, 21 R. 1140; Chappin v. Fulkerson, 95 Ky. 277; Thomas v. Perry, &c., 6 J. J. M. 556; Georgetown Water Co. v. Central Thompson Houston Co., 16 R. 124; Standard Furniture Co. v. Stanley, 21 R. 452; Underwood v. Wood, 93 Ky. 177; McDowell v. C. O. & S. W. R. R. Co., 90 Ky. 346; I. C. R. R. Co. v. Glover, 24 R. 1447. The general demurrer puts to the test the sufficiency of the grounds relied upon as constituting the cause of action, or in other words, is a defense to the action upon its merits, and from the filing of such a demurrer nothing else can be implied, except the purpose of the defendant to waive all objections that he might make to the jurisdiction of the court and to submit himself and his cause to its determination. When he has once waived his objection to jurisdiction by such an unqualified act, he is not permitted to thereafter set up any objection to the jurisdiction of his person, as otherwise he would be permitted to trifle with the court. In the instant case, however, the special demurrer did not raise any question nor put in issue anything other than the jurisdiction of the court. It could not be considered as a defense based upon the merits of the action, and from its terms it could not be implied that the contestee intended by it to abandon his objections to the jurisdiction of the court while using it as an aid for no purpose other than to defeat the jurisdiction. While the general rule is, that if a defendant appears for any purpose, except to object to the jurisdiction of the court over his person, he thereby waives any objection which he might make to the jurisdiction of his person, and is held to have entered his appearance generally; but attention has not been called to any case where this court has held that one objecting at the same time to the jurisdiction of the court of the subject matter of the action and of his person, has been held to have waived his objection to the jurisdiction of his person by reason of his objection on account of the subject matter of the action, as it is difficult to see how any implication can arise from the objection to the jurisdiction of the subject matter that he has consented to abandon his objection to the jurisdiction of his person. Further, the doctrine does not prevail in this jurisdiction, which holds that, although

a defendant objects in every possible way to the court assuming jurisdiction of his person, that when his objections are overruled and he pleads to the merits of the action, or does any act, which constitutes a defense upon the merits, he should be considered as having waived all objections to the jurisdiction, which he made in the first instance. The better rule seems to be, that if the defendant makes objection to the jurisdiction in the first instance and does not in any way abandon his objection, that when his objections are overruled and he is compelled to make further defense and does so to the merits of the action, he will not be held to have waived his objection to the jurisdiction. While section 118, of the Civil Code, *supra,* provides that where the objection to the jurisdiction does not appear in the pleadings of the adversary, and the defendant fails to make the objection by answer or other proper pleading, he is considered to waive the objection to the jurisdiction. In such a state of case, if the defendant, in the first instance, makes his objections to the jurisdiction of the court by a proper pleading, he may in addition to that plead to the merits of the action without being held to thereby waive his objection to the jurisdiction, which he has made in the first instance, unless he does some act from which it may be implied that he has abandoned his objection to the jurisdiction made in the first instance. C. O. & S. W. R. R. Co. v. Heath's Admr., 87 Ky. 65; Newport News, &c., v. Thomas, 96 Ky. 613, 4 C. J. 1366; Barbour v. Newkirk, &c., 83 Ky. 529; Sun Insurance Co. v. Crist, 19 R. 305; M. & B. S. R. R. Co. v. Ball, 108 Ky. 241. In Harkness v. Hyde, 98 U. S. 476, the rule in the Federal Courts is stated thus:

"Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection when being urged, it is overruled, and the defendant thereby compelled to answer. . . . It is only where he pleads to the merits in the first instance without insisting upon the illegality that the objection is deemed to be waived."

It is therefore ordered that the judgment be affirmed, and the clerk of this court is ordered to certify the fact of the affirmance of the judgment to the Secretary of State and the clerk of the Jefferson county court.

Whole court sitting.