## Howard v. Cockrell et al.

(Decided September 24, 1929.)

HENRY L. SPENCER for appellant.

WILLIAMS & ALLEN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Sylvester Howard and S. J. Cockrell were candidates for the Democratic nomination for jailer of Breathitt county at the August election, 1929. Howard filed notice of contest. The circuit court, on motion, dismissed the case on the ground that notice was not properly served. Howard appeals.

The facts shown by the evidence are these: Howard's attorney finished preparing his notice of contest on August 7. The coroner of the county was out of the county. Cockrell was the sheriff of the county. So Howard went to see S. L. Combs, the jailer, telling him that he wanted him to serve his papers in the contest suit against Cockrell. Combs said he would serve them, and he went to get his papers. He returned with the papers, but Combs had left town, and he could not find him after that day. He then went to see Rube Trent, a constable in the county, who lived some miles away. Trent refused to serve the papers. On the next day he heard that Albert Hall, a constable on Turner creek, would serve the papers. Hall promised him to come to town the next day and serve the papers for him. He came to town the next morning, but refused to serve the papers, although offered $5 to do so. This was on Saturday. He then went to see his attorney, telling him that he could not get any officer to serve his papers, and the attorney then told him to get a private person to serve them. He then gave John Roberts, a private person, $5 and Roberts, on Saturday evening, went in a car to Cockrell's residence in the country. As he came up, he saw them sitting in the

room. Mrs. Cockrell came to the door, and told him that he could not see Mr. Cockrell, and that he could not serve the papers on him. She also declined to receive the papers. So he placed them on the gate post in her presence and went back to the car. Before Howard saw Roberts, he applied to the deputy jailer to serve the papers for him, offering to pay him $5 therefor. The deputy said he did not have the authority to serve the papers. Howard's attorney then called up the deputy jailer, and insisted that he had a authority to serve the papers; but he refused to do so, saying that he could not afford to do it.

The sheriff had been about the courthouse all the week, and there seems to have been no reason for his not being there on Saturday, except the desire to avoid the service of this notice. The statutes provide as follows, as to the service of the notice: "Said notice shall be served in the same manner as a summons from the circuit court." Kentucky Statutes, sec. 1550-28.

Section 625 of the Civil Code provides as follows: "A notice may be served by delivering a copy of it to the person to whom it is directed, or by offering to deliver it to him; or if he can not be found at his usual place of abode, by leaving a copy there with a person over the age of sixteen years, residing in the same family with him; or, if no such person be there, by affixing such copy to the front door of such place of abode."

In McKay v. Grundy, 155 Ky. 121, 159 S. W. 655, 658, where the facts were very similar to those shown here, the court, holding the service sufficient, said: "It is true the statute requires a notice of the contest to be given to the contestee and further provides that the notice shall be served in the same manner as a summons from the circuit court; but the process paper is still a notice, with nothing but the characteristics of a notice. Like all notices, it is signed by the person giving the notice; a summons is signed by the clerk of the court, and is the official command of the court to answer a petition theretofore filed. So when the statute, in one clause, requires the contestant to give notice of his contest within a specified time, and in a subsequent clause directs that the notice shall be served as a summons, the notice may be said to possess the characteristics of both a notice and a summons, and may be served as a summons is served; or if that cannot be done within the five days by reason of the contestee concealing himself, or absenting himself, or by obstructing the service in any other way, it may then

be served at any time within the five days, as a notice is served. The statute being of doubtful meaning in this respect, it should be so construed as to carry out the otherwise clearly expressed intention of the Legislature,· which, in this instance, was to provide an effective, simple, and speedy procedure for the trial of election contests.'' This was followed in Edge v. Allen, 166 Ky. 291, 179 S. W. 212.

Appellee earnestly insists that Brumleve v. Cronan, 176 Ky. 818, 197 S. W. 498, 504, lays down a different rule. That opinion rests upon the facts of that case, which are thus stated: ''In the instant case there is no intimation that the appellee was concealing or absenting himself or in any other way obstructing or evading the service of the notice, or that any one of the officers designated by the statute for serving a summons could or would not have executed the notice, and hence a state of case did not exist in which a service of the notice as provided by sections 624 and 625, Civil Code, supra, was authorized. Hence we conclude that the court was not in error in setting aside the order appointing the special bailiff and quashing the return made upon the notice and dismissing the proceeding, as it then appeared that the notice had not been served within five days of the issual of the certificate.''

This case is entirely different. It is clear here from the proof that the jailer absented himself to avoid serving the papers and that his deputy refused to serve them, saying that he could not afford to do so. It also appears that the constables applied to refused to serve the papers and it is hard to escape the conclusion that some influence was potently exercised upon the officers to keep them from executing the papers. It is clear from the proof that Howard made a reasonable effort to get an officer to serve his papers, and that he only put it in the hands of a private person after three days' effort to get an officer, thinking that he had to have it served on Saturday, or else the limitation of five days would run against him. In addition to this it is hard to escape the conclusion that Cockrell was evading the service of the notice. He did not come to the door when Roberts came. He suffered his wife to go to the door, and suffered her to refuse Roberts the right to come in or to see him. His conduct clearly shows that he was using his wife to keep Roberts from serving the papers on him. The purpose of the statute is to secure fair and free elections. The

purpose of the notice is to advise the contestee of the grounds of contest. It serves this purpose just as well when served by a private citizen as when served by an officer. It must be served in five days to be valid. After a reasonable effort to get a public officer, and failure to get one, if the notice may not be served by a private person, the operation of the statute would be defeated. To sustain the judgment here would be to open the door to destroy the remedy given by the statute in any case where the contestee had friends who could induce the officers to refuse to serve the notice. The facts present a state of case where the proper enforcement of the statute requires the application of the rule laid down in McKay v. Grundy.

It appears from the testimony of Sylvester Howard that he went to Bernam Black, a constable of Breathitt county, but did not ask him. It also appears from his testimony that he asked every officer he could find to serve his papers, but could not get them. The court does not find it necessary to reconcile these statements. While the statute provides that the notice must be served in the same manner as a summons from the circuit court, in view of the short time provided for service under the statute, the court has three times decided that the notice of contest may be served as a notice is required to be served. McKay v. Grundy, 155 Ky. 121, 159 S. W. 655; Edge v. Allen, 166 Ky. 291, 179 S. W. 212; Tackett v. Mayo, 210 Ky. 299, 275 S. W. 866. If the notice of contest may be served by an officer, as any other notice may be served, as is expressly held in these cases, there is no sound reason for holding that it may not be served by a private person as the same section of the code provides. The code provides for one no less than the other. The case of Brumleve v. Cronan, 176 Ky. 818, 197 S.. W. 498, in so far as it conflicts with this opinion is disapproved.

In Tackett v. Mayo, 210 Ky. 299, 275 S. W. 866, this court held that the affidavit to require the circuit judge to vacate the bench was insufficient. The affidavit in this case is similar to the one there held insufficient, and for the reasons given in that opinion the circuit judge properly refused to vacate the bench.

Judgment reversed, and cause remanded for further proceedings consistent herewith. The whole court sitting.