## Board of Sup'rs of City of Somerset v. Smith et al.

May 5, 1939.

C. L. TARTER for appellant.

KENNEDY & KENNEDY for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The Board of Supervisors of the City of Somerset in September, 1938, increased the assessed valuation of the property of appellees, who are husband and wife

residing in that city. They appealed to the quarterly court from this increase and that court held the increase void for the reason that appellees had not been legally notified of the proposed increase. The Board appealed to the circuit court from that judgment, and on that appeal the same judgment was rendered as in the quarterly court. From the judgment of the circuit court this appeal is prosecuted, the sole question presented being the legality of the service of notice of the proposed increase by the Board.

The evidence discloses that the Board placed the notices of proposed increases in the hands of the Chief of Police for service. He, in company with his 19-year-old son, went in a car to the residence of appellees, where the boy got out of the car and went to their front door. He rang the doorbell several times, remained at the door for about two minutes, and when no one answered, posted the notices on the front door. Appellees testified that they were not away from home on that day and that during the day Mrs. Smith found the notices on the door. They did not appear before the Board to protest the increase, but appealed from the action of the Board, relying on the invalidity of the service of notice.

Section 3542, Kentucky Statutes, which provides for the appointment of the Board of Supervisors and specifies their duties, provides that notice shall be given to the taxpayers by printed notice and that no list shall be increased unless the taxpayer shall have been cited to appear before the Board. The method of serving the printed notice is not provided. As no method of service is provided, appellees contend that, by analogy, the manner of service should be the same as that specified in Section 4122, Kentucky Statutes, for the service of notice by sheriffs in cases where increases are proposed by the county board of supervisors. We do not agree with this contention, since it appears that this court has adopted the policy of holding the service sufficient if made according to the provisions of Section 625 of the Civil Code of Practice, in cases where a notice is required to be served and no method of service is specified. Broaddus v. Mason, 95 Ky. 421, 25 S. W. 1060, 16 Ky. Law Rep. 38; Crab Orchard Banking Company v. Saunders, 174 Ky. 68, 191 S. W. 652. In Mc-Kay v. Grundy, 155 Ky. 115, 159 S. W. 655, it was held that a notice of contest of election required to be served

in the same manner as a summons was, nevertheless, a notice and might be served in the manner provided by Section 625 of the Civil Code of Practice. We are therefore of the opinion that service of these notices, if made according to that section of the Code, was sufficient.

Section 625 of the Code provides that:

"A notice may be served by delivering a copy of it to the person to whom it is directed, or by offering to deliver it to him; or if he cannot be found at his usual place of abode, by leaving a copy there with a person over the age of sixteen years, residing in the same family with him; or, if no such person be there, by affixing such copy to the front door of such place of abode    *    *    * ."

It seems clear that the service of the notice in the manner detailed above was a substantial compliance with the Code provision. As far as the boy serving the notice was concerned, the appellees were not found at their usual place of abode, nor was any other person found there. He was therefore justified in affixing the notices to the front door. The Code does not require that the person on whom the notice is to be served must be absent from his usual place of abode. It only says that if he be not found there, service may be made by posting. This does not mean that the officer or person seeking to serve the notice must remain at the front door all day or make a search of the house. When he has made a reasonable effort to summon the occupants of the house to the door for the purpose of delivering the notice and no one answers, he is then justified in posting it. The appellees actually received the notices as the result of the service made, and we are of the opinion that there was a substantial compliance with the Code in serving them.

The judgment is reversed for further proceedings consistent with this opinion.